BENNETT *vs.* LOCKWOOD & CARTER.

*Damages* are recoverable by a bailor for time spent and expenses incurred in searching for property *wrongfully* taken from the possession of a bailee, if the same be duly claimed in the declaration.

ERROR from the Oswego common pleas. Lockwood and Carter sued Bennett in a justice's court, and declared in an action on the case, for taking a horse and wagon belonging to the plaintiffs from the possession of one Crippen, to whom the same had been let, and using the horse and wagon. The plaintiffs alleged, by way of *special damage*, that they had been subjected to expenses in searching for their property. The plaintiffs obtained in the justice's court a verdict for $32, and on appeal to the Oswego C. P. a verdict was rendered in their favor for $53. The plaintiffs proved that four days were spent by them in search of their property: this evidence was objected to, but admitted by the court, and the defendant excepted. The court charged the jury that the plaintiffs were entitled to recover for the taking of

the property by the defendant, and also for time spent and expenses incurred in searching for the property. The defendant excepted to the charge, and sued out a writ of error.

O. H. Whitney, for plaintiff in error.

A. P. Grant & W. F. Allen, for the defendants in error.

By the Court, NELSON, Ch. J.   The defendant took the horse and wagon of the plaintiffs wrongfully, and used them, by reason of which taking the plaintiffs were induced to believe that the person to whom they had hired it temporarily had absconded, and therefore they went in pursuit of their property, and expended time and money.   It is insisted for the plaintiff in error that the common pleas erred in allowing the plaintiffs to recover for the time spent and expenses incurred, on the ground that the damages thus claimed were not the natural or necessary consequence of the wrongful taking.   Admitting the counsel for the plaintiff to be right in this proposition, it is no objection to the recovery if the damages in were proximate and not too remote, and were claimed in the declaration.   1 Chitty's R. 333.   1 Saund. Pl. and Ev. 136.   Here the damages were duly claimed; they occurred in the use of reasonable means on the part of the plaintiffs to re-possess themselves of their property, and were occasioned by the wrongful act of the defendant.

Judgment affirmed.