## HENRY G. RICE *vs.* AMOS R. NICKERSON.

The plaintiff in an action of tort for the abduction of his minor child may recover for reasonable expenses incurred in pursuit of the child, although he has offered no evidence that the act of the defendant was malicious.

If in an action of tort for the abduction of the plaintiff's minor child, of nine years old, by forcibly transferring him from the legal custody of the father to the custody of the mother, the plaintiff has offered no evidence that the act of the defendant was malicious, evidence is incompetent in defence to show that the defendant did not know that he was violating the plaintiff's rights, or that the child assented to his act, and had previously expressed a desire to be with the mother.

TORT for the abduction of the plaintiff's minor son, a child of nine years old.

At the trial in the superior court, before *Lord*, J., the plaintiff introduced in evidence a copy of a decree of this court, made three days before the abduction, upon a writ of *habeas corpus* brought by the mother for the purpose of obtaining access to the boy, ordering that the boy be remanded to his father's custody.

The plaintiff, having testified that immediately after the abduction he caused search to be made in many places, and especially in Vermont and Canada, and that he employed many persons, detectives and others, for that purpose, was asked how much money he expended in this manner. The defendant objected to this question, but the judge ruled " that the plaintiff's duty was to make reasonable exertion for the recovery of his child   to this end it was his duty to incur reasonable expenses, while there was probable cause to suppose he could thus obtain possession of him ; that this did not give him the right to incur

**rash** and unreasonable expenses at any time, nor any expenses when there was not reasonable ground to believe search would be successful; for such length of time as search might properly and reasonably be conducted with prospect of success, he might make reasonable and proper expenditures of money, which the jury are authorized to take as part of the damages sustained by the plaintiff." The judge thereupon admitted the evidence, confining it within the limits thus laid down.

It appeared that the defendant was arrested the day after the alleged abduction, and the plaintiff asked Mr. Ham, the deputy chief of the police, who was employed in this search, whether, after the defendant was arrested, he made any application to the defendant to know where the child was, and what reply he made to the application, stating that the question was put as bearing upon the question whether the efforts made and expenses incurred subsequently in searching for the child were reasonable and proper. The defendant objected to this question, but it was admitted. The witness thereupon testified as follows : " After Nickerson was arrested and brought to the police office, I told him he was charged with abduction. He said he knew nothing of the child. I told him we had evidence to prove it, but that all Mr. Rice wanted was the child, and if he would put us on the track where he left him, there should be no criminal or civil prosecution. He said he knew nothing about the child, and should say nothing about it." The witness said that he was authorized to make this statement to the defendant by Mr. Rice. No objection was made to any particular part of the answer as not responsive to the question, or not admissible under the ruling.

The defendant offered in evidence a copy of the record of a decree made by the circuit court of Delaware county in Indiana, before the decree of the supreme judicial court of this state upon the writ of *habeas corpus* hereinbefore referred to, in a suit for divorce brought by the wife of the plaintiff, by which a divorce was granted to her, and the custody of the boy claimed to have been abducted was decreed to her. The defendant offered this upon the ground, as he alleged, that there was evidence in the

case tending to show that he took the boy at the request of his mother. The judge ruled that, if the plaintiff had offered any evidence of malice on the part of the defendant in taking the child, and it should be made to appear that the defencant knew of this decree at the time the child was taken, he should admit it; but as the plaintiff did not go upon the ground of malice in aggravation of damages, but rested his claim upon the ground merely that he had the rightful custody of the child, and that therefore the taking of the child was illegal without any evidence of malice on the part of the defendant, he should, upon that state of the case, reject the evidence.

The defendant then offered evidence to show that during the hearing upon the writ of *habeas corpus*, and before the decree was made therein, the boy was examined separately and apart by the presiding judge, and then expressed a strong desire to go with his mother, and remain with her; but the judge refused to admit the evidence.

The judge instructed the jury that, in rendering a verdict for the plaintiff, after stating the amount of damages they had awarded the plaintiff, they should state what part of it was for expenses incurred in search for the child. The jury found for the plaintiff, with $4200 damages; $2200 of which were for the expenses. The defendant alleged exceptions.

*C. F. Blake,* (of New York,) for the defendant. 1. If the verdict went on the ground that there was no malice, the evidence of the expenses incurred was incompetent. Besides such damages are too remote. *Anthony* v. *Slaid,* 11 Met. 290. It is no part of a parent's duty to expend large sums in pursuit of his child. 2. The decree in Indiana and the boy's declaration were competent, to show the innocent intent of the defendant. See *Butterfield* v. *Ashley,* 6 Cush. 250. The declaration of the defendant to Ham tended to show express malice, under the definition laid down in *Bodwell* v. *Swan,* 3 Pick. 376, and *Commonwealth* v. *Harmon,* 2 Gray, 289. The proof of malice would authorize the jury to give additional damages. 2 Greenl. Ev. § 272. *Phillips* v. *Hoyle,* 4 Gray, 568. The defendant's intent constitutes a part of the wrong. *Cooke* v. *Maxwell,* 2 Stark. R. 183

*Sears* v. *Lyons*, Ib. 317. *Chinn* v. *Morris*, Ry. & Mood. 424. *Lincoln* v. *Hapgood*, 11 Mass. 357. *Bond* v. *Chapin*, 8 Met. 31. *Smith* v. *Hyndman*, 10 Cush. 554. 3. The boy's declarations were also competent, to show his relations to the plaintiff; as in actions for criminal conversation.

*D. Thaxter*, for the plaintiff.

DEWEY, J. The rulings in the present case were correct. The material points as to the maintenance of the action were fully settled in the case of *Commonwealth* v. *Nickerson*, 5 Allen, 518. The defendant, although acting without any other purpose than to obey the order of those persons who illegally assumed to direct the removal of the boy from the custody of the father, became liable to the father to the extent of his actual injuries sustained thereby, and this would include reasonable and proper expenditures incurred in the attempt to regain the possession of the boy. The instructions of the court upon this subject to the jury were well and carefully stated. *Bennett* v. *Lockwood*, 20 Wend. 223.

The copy of the record of the decree of the circuit court in Indiana was properly excluded. The proposed evidence of the wishes of the boy to go with his mother, stated to the presiding judge on the hearing of the writ of *habeas corpus*, was also properly rejected. The plaintiff disavowed all claim for aggravation of damages, for any malice on the part of the defendant towards him in the acts which he had done, and rested his claim for damages solely on the ground that he had the rightful custody of the child, and that the defendant had illegally removed him, in violation of his rights. The exceptions must therefore be overruled, and judgment entered for the plaintiff for the larger sum found by the jury.