## McDonald vs. North.

Though the general rule, as to the measure of damages, in an action of trover is the value of the property detained, with interest, this rule has many exceptions. Among them is the case where the plaintiff, being the true owner, has been subjected to the loss of time, or the payment of money, in searching for the property unlawfully taken ; in which case a reasonable allowance may be made, by the jury, for such time and expense, in addition to the value of the property and interest.

A witness having testified to facts material to the issue, the plaintiff gave evidence tending to show that the witness had made statements out of court inconsistent with his evidence given on the trial. This testimony was objected to by the defendant as *immaterial* and *irrelevant;* no other ground being stated for the objection. *Held* that the defendant could not afterwards urge the objection on the ground that the witness' attention had not been directed to the time and place and to whom the declarations imputed to him were made.

APPEAL from a judgment of the Livingston county court affirming the judgment of a justice of the peace.

*Scott Lord,* for the appellant.

*George F. Danforth,* for the respondent.

*By the Court,* WELLES, J. The action before the justice was trover, to recover the value of certain hogs, and damages for time spent in looking for them.

The complaint before the justice set forth two causes of action : 1st. That the defendant on or about the first of August, 1861, wrongfully took from the plaintiff four hogs of the value of forty-eight dollars ; that by reason of such taking the plaintiff was put to great trouble and expense in looking for said hogs, to wit, in the sum of twenty dollars, and that the plaintiff by reason thereof lost two of the said hogs, of the value of $24. 2d. That the defendant, on or about the first of August, 1861, took and converted to his own use two hogs, the property of the plaintiff, of the value of $24.

The answer was three-fold.

1st. A general denial.

McDonald *v.* North.

2d. A former suit in bar before J. H. Vail, a justice of the peace, in which this plaintiff was the plaintiff and this defendant was defendant.

3d. A former suit in bar before the same justice, in which this defendant was plaintiff and this plaintiff was defendant.

The action before the justice in the present case, was tried on the 15th and 16th days of January, 1862, before the justice and jury. It was conceded by the plaintiff that in October, 1861, this plaintiff commenced an action against this defendant before James H. Vail, Esq. a justice of the peace of Livingston county, in which the cause of action was identically the same as that claimed in this action, and the same was tried before Justice Vail, and judgment of nonsuit was entered therein against the plaintiff, and from which judgment the plaintiff had appealed to the county court, and which appeal was then pending.

The plaintiff then gave evidence tending to sustain both of the alleged causes of action stated in his complaint. Quite a large amount of evidence was given on both sides, all of which was contained in the return of the justice, when the cause was submitted to the jury, who rendered a verdict in favor of the plaintiff for $29 damages, upon which the justice rendered judgment, with $5 costs. The plaintiff contended and gave evidence tending to show that the defendant had taken four of his hogs, of which the plaintiff had retaken two. That after the plaintiff had missed his hogs he and his hired men had spent a number of days in looking for them, and that the two that remained unreclaimed were worth when he lost them, ten or twelve dollars apiece.

The notice of appeal to the county court contains twenty-three specifications of the grounds of the appeal, only two of which are now urged by the counsel for the appellant. None of them are expressly waived, and I have therefore examined and considered them all, and do not think any of them are sufficient to justify this court or the county court in reversing the judgment.

The two discussed in the points of the appellant, are as follows : That the justice erred in allowing evidence as to what it was worth per day to look for the lost hogs in question. The general rule as to the measure of damages in an action of trover undoubtedly is the value of the property detained, with interest. But this rule has many exceptions, and among them is the case where the plaintiff, being the true owner, has been subjected to the loss of time or the payment of money in searching for the property unlawfully taken, in which case a reasonable allowance may be made by the jury for such time and expense, in addition to the value of the property and interest. (*Bennett* v: *Lockwood,* 20 *Wend.* 223, *and authorities there referred to.*) This, it seems to me, is precisely that case. If the defendant is liable at all, it is because the *taking* by him was unlawful and wrongful—and a reasonable allowance for the time and expense incurred by the plaintiff, in endeavoring to reclaim the property, was a damage immediately proximate to the wrong act of the defendant.

The other point raised and discussed by the defendant's counsel arises upon the ruling of the justice allowing evidence to be given by the plaintiff of what one Richmond, a witness introduced by the defendant, had stated out of court, before the trial, inconsistent with his testimony on the trial. Richmond had testified to facts which, if true, would have had an important bearing upon the plaintiff's right to recover at all in the action, and the plaintiff gave evidence tending to show that he had made statements inconsistent with his evidence given on the trial. This evidence, so given in behalf of the plaintiff, was in due time objected to by the defendant *as immaterial and irrelevant.* There was no other ground stated for this objection. The one stated did not indicate the one now urged, to wit, that a proper foundation for the impeaching testimony had not been laid. If this ground had been stated, and if it was true in point of fact, it would have been competent for the plaintiff to have recalled Richmond,

and by a farther cross-examination to have obviated the objection now raised. It can not be truly said that the contradicting evidence was immaterial or irrelevant. The only objection now urged to it is that. the witness' attention had not been directed to the time and place and to whom the declarations imputed to him were made. By omitting to point out this ground of objection, the defendant has lost the benefit of it.

For the foregoing reasons we think the judgment of the county court should be affirmed.

[MONROE GENERAL TERM, March 4, 1867. *Welles, E. D. Smith* and *Johnson,* Justices.]