## SUPREME COURT.

GEORGE W. CLINTON, respondent, agt. EDMUND TOWNSEND, appellant.

In an action to recover damages by reason of defendant *wrongfully and willfully* taking and using plaintiff's horse for several days, it is competent for the plaintiff on the trial to prove *as damages*, that he was compelled to hire another horse and pay a certain amount therefor, during the absence of defendant with his horse; and also to prove as damages injuries to the horse by the defendant, during the same time.

*In Third Department, at Albany General Term, June,* 1873.

*Before* PARKER, *P. J.,* BOARDMAN *and* J. POTTER, *JJ.*

ACTION to recover damages for the alleged wrongful taking and detention of a horse.

The cause was tried before a justice of the peace and a jury, in the county of Otsego.

The defendant took the horse in question on 12th day of May, 1871, drove the same into Madison county after a load of hop roots, and returned it to the plaintiff on the 17th. This the defendant did in the course of his employment by the express direction of one William Clinton, who claimed the right to use and contract the same.

On the trial of the action the justice allowed the plaintiff to prove as a part of his damages, under defendant's objections as incompetent and improper, the amount paid for the use of *another* horse while the one in question was gone; and also by a subsequent witness the *value of the use* of the horse during the same time.

The value of the use of the horse was proved at twelve dollars, and the amount paid for use of another horse was proved

Clinton agt. Townsend.

at five dollars. No other proof of damages was given on the trial.

The jury rendered a verdict of twenty dollars in favor of the plaintiff, thus including both amounts. From the judgment entered thereon, with costs, the defendant appealed to the Otsego county court, where the judgment was affirmed.

Thereupon a further appeal was brought to this court.

E. COUNTRYMAN, *attorney for defendant, appellant.*

I. The justice erred in receiving the evidence of the amount paid by respondent for the use of another horse.

Appellant's objections to the evidence were sufficiently specific to raise the question of its inadmissibility (*Roe* agt. *Hanson*, 5 *Lansing*, 304).

The general rule is, that the recovery of damages must be confined to the *legal, natural* and *proximate consequences* of the tortious act (2 *Greenleaf on Ev.*, 5th ed., § 256; *Crain* agt. *Petrie*, 6 *Hill*, 524; *Hicks* agt. *Foster*, 13 *Barb.*, 665; *Butler* agt. *Kent*, 19 *Johns.*, 228; *Twinam* agt. *Swart*, 4 *Lansing*, 263; *Clark* agt. *Brown*, 18 *Wend.*, 213, 229).

This rule applies with equal force to claims for special damages (*Crain* agt. *Petrie, supra, and cases there cited*).

Clearly the expense of hiring *another* horse was not the *natural* and *proximate* result of the alleged trespass. It was an illegal element of damages in the case (*Edwards* agt. *Beebee*, 48 *Barb.*, 106; *Twinam* agt. *Swart*, 4 *Lansing*, 263).

The county judge distinctly held the evidence to be illegal and improper. In his opinion he says: "Yet it was an *erroneous decision of the justice to permit the plaintiff to show how much he paid for the use of another horse.* The natural damages arising from the use of the horse were properly shown by the witness Knapp; but can it be said that if the plaintiff *paid some extravagant price for the use of some particular horse,* that that should form the basis upon which to assess damages against the defendant? *I think not.*"

Clinton agt. Townsend.

Notwithstanding the error, however, the county judge affirmed the judgment for the reason, as stated by him, that he was "*satisfied* that the improper evidence of the amount paid for the use of another horse *did not influence the jury as to their verdict to the detriment of defendant.*"

II. It is impossible for the court to say as the county judge did, that "*the improper evidence * * * did not influence the jury as to their verdict to the detriment of defendant.*" As the verdict is more than all the elements of the damages proved, taken together, the presumption is that all were included. At least it cannot be said they were not included. A twofold recompense was thereby allowed. The presumption is the jury intended to award compensation only, and not to inflict punishment (*Sedgwick on Damages*, 3d ed., 597, *marg.*, 563).

The law on this point is entirely settled and very clearly and succinctly stated by the court of appeals in the case of *Baird* agt. *Gillett* (47 *N. Y.*, 186), where improper evidence had been received, in the following language : " The evidence is improper, and as the court *cannot say* that it *might not have biased the jury and influenced the result*, its admission, under objection, was error for which the judgment should be reversed (*citing Williams* agt. *Fitch*, 18 *N. Y.*, 546). If improper evidence be given upon the trial, although it be merely *cumulative*, it will be cause for reversal (*citing Osgood* agt. *Manhattan Company*, 3 *Cow.*, 612). If the evidence *could not possibly* have injured the defendant, the error might be disregarded ; but when *illegal evidence is admitted which bears in the least degree on the result, it is fatal* (*citing cases*). By *admitting the evidence* under the objection of the defendant, *the jury were authorized to regard it as competent and relevant* to the issue in the action, and as tending in a greater or less degree to prove the cause of action " (*Baird* agt. *Gillett*, 47 *N. Y.*, 186 ; *Starbird* agt. *Barrows*, 43 *N. Y.*, 200 ; *Wilson* agt. *Wilson*, 4 *Keyes*, 413 ; *Williams* agt. *Fitch*, 18 *N. Y.*, 546 ; *Worral* agt. *Parmelee*, 1 *N. Y.*.

516; *Dresser* agt. *Ainsworth*, 9 *Barb.*, 619; *Boyle* agt. *Coleman*, 13 *Barb.*, 43; *Penfield* agt. *Carpenter*, 13 *Johns.*, 349).

The action being for the recovery of unliquidated damages for an alleged malicious wrong, the court have no power to reverse as to part, but must reverse the judgment wholly and absolutely (*Cassin* agt. *Delancy*, 38 *N. Y.*, 178).

III. An improper measure of damages was adopted on the trial, and no legal damages were proven.

A party from whom property is taken tortiously may refuse to accept its return (*Lyon* agt. *Yates*, 52 *Barb.*, 244; *Haumer* agt. *Wilsey*, 17 *Wend.*, 91).

And where the property so taken has not been returned to the owner, and no exemplary damages recoverable, the true measure of damages is the same as in trover—the market value of the property at the time it was taken, to which interest may, in the discretion of the jury, be added, as damages for the detention (*Sedgwick on Damages, p.* 558; *Campbell* agt. *Woodworth*, 26 *Barb.*, 648; *King* agt. *Orser*, 4 *Duer*, 433; *Dailey* agt. *Crowley*, 5 *Lansing*, 301; *Suydam* agt. *Jenkins*, 3 *Sandf.*, 643; *Kelley* agt. *Archer*, 48 *Barb.*, 68; *Twinam* agt. *Swart*, 4 *Lansing*, 263, 271–273).

The return of the property is always admissible in evidence to mitigate the damages. And such return will mitigate to the extent of the market value of the property when it was returned (*Dailey* agt. *Crowley*, 5 *Lansing*, 301; *Lyon* agt. *Yates*, 52 *Barb.*, 237, 248; *Vosburgh* agt. *Welch*, 11 *Johns.*, 191; *Haumer* agt. *Wilsey*, 17 *Wend.*, 91).

If the taking was malicious, and a deliberate intent to injure is manifest, the jury, undoubtedly, have the power to award exemplary damages. But that does not change the rule by which the other or compensatory damages are determined, for the exemplary damages are simply *added* to them.

It follows from these well established principles of law that the true measure of damages in this case was the maket value of the horse at the time it was taken, less the market value

Clinton agt. Townsend.

thereof when it was returned, together with interest on its value during the time the same was detained.

And if there is anything in this case to justify exemplary damages (which we deny), the jury may add to the damages which this rule will give such a sum, by way of punishment, as the nature of the case requires.

This rule of damages was adopted in a case very similar to the one at bar, to which the attention of the court is invited (*Lucas* agt. *Trumbull*, 15 *Gray* [*Mass.*], 306).

For the foregoing reasons, the judgment of the county court and that of the justice must be reversed, with costs.

A. J. LYNES, *attorney for respondent, plaintiff*.

I. There was no error in allowing the plaintiff to give the evidence.

In *Bennett* agt. *Lockwood* (20 *Wend.*, 223) the court say that it makes no difference that the damages thus claimed were not the natural or necessary consequences of the wrongful taking. It is no objection to the recovery, if the damages were proximate and not too remote, *and were claimed in the declaration*. In that case the plaintiff recovered fifty-three dollars damages for time spent and expenses incurred in looking up the property wrongfully taken. In the case of *McDonald* agt. *North* (47 *Barb.*, 530) the court cites *Bennett* agt. *Lockwood*, and affirms the doctrine laid down. In *Sedgwick on Damages*, p. 475, speaking of damages in trover, the following language is used : " It was suggested by PARK, B., at *nisi prius*, that the plaintiff could recover special damages if laid in the declaration, as in trover for the conversion of a horse; that the plaintiff could recover for money paid for the hire of other horses; and it has since been so decided by the queen's bench in trover, brought by a carpenter for his tools." (7 *Car. & Payne*, 804; 8 *Q. B.*, 779; 2 *Bing. N. C.*, 310 ; *Sedgwick on Damages*, 475).

The principle is the same in both cases; and if the evidence is proper in one case it is in the other. Willful, aggra-

Clinton agt. Townsend.

vated trespass was alleged and proved, and, therefore, the plaintiff had a right to show all the circumstances of the case, and the consequences of the wrongful act himself (*Bateman* agt. *Goodyear*, 12 *Conn.*, 580; *Sedgwick on Damages*, 616).

The plaintiff was entitled to exemplary damages; and for the purpose for estimating such damages properly the jury should know all the facts and circumstances of the case, the situation of the plaintiff, and to what extent he was injured by the wrongful act of the defendant (*Sedgwick on Damages*, 531, 532 *and* 534).

The plaintiff was entitled to recover full compensation for the wrong committed. The owner to whom compensation is due must be fully indemnified (*Sydam* agt. *Jarkins*, 3 *Sanford*, 614).

The defendant was not injured by the evidence, as there was sufficient evidence given without objection to sustain and warrant a much larger verdict (5 *Barb.*, 283; 12 *id.*, 382; 13 *id.*, 116; 19 *id.*, 343; 1 *Hilton*, 199).

The judgment should be affirmed, with costs.

*By the Court*, J. POTTER, *J.*—This is an appeal from a judgment of the county court of Otsego county, affirming the judgment of a justice's court, entered upon the verdict of a jury for the plaintiff for twenty dollars damages.

The action was brought to recover damages alleged to have been sustained by the plaintiff in consequence of the defendant's wrongfully, willfully, &c., entering plaintiff's barn, taking plaintiff's horse therefrom, and going a long journey, lasting several days; also for ill-treating and overworking the horse, which was thereby lessened in value; and also for the trouble and expense of plaintiff in procuring another horse to transact his business, &c., in the mean time.

The answer is a general denial. Much of the evidence upon the trial related to the ownership of the horse; but no question arises upon that subject.

The horse was returned to the possession of the plaintiff.

The only question upon this appeal relates to the evidence of damages.

The plaintiff proved upon the trial that, during the time the defendant deprived plaintiff of his horse, the plaintiff was compelled to hire another horse, and to pay therefor the sum of five dollars.

Assuming, now, that such evidence was properly objected to, the question will be, was such evidence proper as an item or rule of damages?

The county court held the evidence was improper, but affirmed the judgment notwithstanding; holding that, though the evidence was improper and well objected to, it manifestly did no harm.

I am inclined to think the views of the county judge were erroneous in holding that the evidence was improper, and harmless if improper. The gist of the action was not the conversion of the horse, but for unlawfully depriving plaintiff of the use of his horse, and for injuries done to the horse while thus depriving plaintiff of the use, and for compelling plaintiff to hire and pay out money for a necessary substitute for that of which he had been unlawfully deprived.

Plaintiff proved that his necessary business required the use of a horse while defendant had his horse; that he procured the use of another at the lowest price, and that the price he was compelled to pay was just and reasonable.

I think the price plaintiff was compelled to pay being reasonable and the lowest he could obtain a substitute for, was the natural, necessary and proximate consequence of defendant's wrongful act, and was therefore an item of legitimate damage and recoverable in this action.

In *Bennett* agt. *Lockwood* (20 *Wend.*, 223) and *McDonald* agt. *North* (47 *Barb.*, 530) the court held that time and money spent in looking up property unlawfully taken from plaintiff may be recovered for as damages.

In *Albert* agt. *The Bleecker St. R. R. Co.* (2 *Daly*), the

Clinton agt. Townsend.

plaintiff was allowed to recover the profits of his business (expressman) while he was deprived of the use of his horse by defendant's wrongful act and while procuring a substitute (*Albany Law Journal, vol.* 8, 125 *page*; *Allen* agt. *Fox, commission of appeals*).

In *Syds* agt. *Hay* (4 *T. R.*, 264) it was held plaintiff might recover what he had been compelled to pay to procure another.

This case is affirmed in 2 *Bing. N. C.* (7 *Car. & Payne*, 804).

It has been held in those English cases that the owner might recover the value of carpenters' and joiners' tools, and also damages for loss of profits for the necessary time it required to supply their place. I do not doubt that such proof was proper.

Plaintiff also gave proof of what the use of his horse was worth by the day while defendant had him, and also some proof of injuries. This latter proof was controverted, and it was proper for the jury to allow damages for such injuries if they were satisfied the horse was injured by defendant.

Plaintiff was compelled to hire a horse for three of the five days defendant had plaintiff's horse.

It is not to be presumed when there were several items of legitimate damages that the jury allowed plaintiff for the sum he was compelled to pay out for a horse for the three days, and also for the two dollars a day which the use of a horse was worth for the five days that defendant had plaintiff's horse.

The presumption is that the jury allowed the plaintiff in their verdict for the five dollars he paid out for the use of another horse for the three days and for the other two of the five days defendant had plaintiff's horse at the rate proved, and the balance of their verdict was for injuries to the horse.

I think the judgment should be affirmed, with costs.

PARKER and BOARDMAN, JJ., concurred.