CLINTON v. TOWNSEND, appellant.

*Damages, measure of — when price paid for article is — Presumption as to findings of jury.*

In an action for damages for wrongfully taking and using plaintiff's horse and for injuries done by overdriving such horse, *held,* that evidence of the price plaintiff paid for another horse which he was compelled to hire to supply the place of the one taken, such price being reasonable and the lowest at which he could obtain a horse, was competent on the question of damages.
Evidence was given showing the value of the use of the horse taken for five days, the time he was in defendant's possession. Also evidence which was controverted in relation to the damage done by injuries to the horse. *Held,* that the jury in their verdict must be presumed to have allowed plaintiff for the use of his horse only during the time he had not the hired horse, and that any amount over and above that proved for such time was for injuries done to plaintiff's horse.

APPEAL from a judgment of the county court, affirming a judgment rendered in a justice's court upon the verdict of a jury, and

appealed to the county court upon questions of law only. The facts appear in the opinion.

*E. Countryman,* for appellant, cited upon the question of damages, *Roe* v. *Hanson,* 5 Lans. 304; *Twinam* v. *Swart,* 4 id. 263; *Dailey* v. *Crowley,* 5 id. 301; *Crain* v. *Petrie,* 6 Hill, 522; *Hicks* v. *Foster,* 13 Barb. 663; *Edwards* v. *Beebe,* 48 id. 106; *Dresser* v. *Ainsworth,* 9 id. 619; *Boyle* v. *Colman,* 13 id. 42; *Lyon* v. *Yates,* 52 id. 237; *Campbell* v. *Woodworth,* 26 id. 648; *Kelly* v. *Archer,* 48 id. 68; *Butler* v. *Kent,* 19 Johns. 221; *Penfield* v. *Carpender,* 13 id. 350; *Vosburgh* v. *Welch,* 11 id. 174; *Clark* v. *Brown,* 18 Wend. 212; *Hanmer* v. *Wilsey,* 17 id. 91; *Baird* v. *Gillet,* 47 N. Y. 186; *Starbird* v. *Barrons,* 43 id. 200; *Williams* v. *Fitch,* 18 id. 546; *Worrall* v. *Parmelee,* 1 id. 516; *Cassin* v. *Delany,* 38 N. Y. 178; *Osgood* v. *Manhattan Co.,* 3 Cow. 612; *Wilson* v. *Wilson,* 4 Keyes, 413; *King* v. *Orser,* 4 Duer, 433; *Suydam* v. *Jenkins,* 3 Sandf. 643; *Lucas* v. *Trumbull,* 15 Gray, 306; 2 Greenl. Ev. (5th ed.), § 256; Sedgw. on Dam. 563.

*J. A. Lynes,* for respondent, cited *Bennett* v. *Lockwood,* 20 Wend. 223; *McDonald* v. *North,* 47 Barb. 530; *Bateman* v. *Goodyear,* 12 Conn. 580; *Bort* v. *Smith,* 5 Barb. 283; *Spencer* v. *S. & W. R. R. Co.,* 12 id. 382; *Buck* v. *Waterbury,* 13 id. 116; *Andrews* v. *Harrington,* 19 id. 343; *Moore* v. *Somerindyke,* 1 Hilt. 199; *Davis* v. *Oswell,* 7 Car. & Payne, 804; Sedgw. on Dam. 475.

J. POTTER, J. This is an appeal from a judgment of the county court of Otsego county, affirming the judgment of a justice's court, entered upon the verdict of a jury for the plaintiff for twenty dollars damages.

The action was brought to recover damages alleged to have been sustained by the plaintiff in consequence of the defendant having wrongfully, willfully, etc., entered plaintiff's barn, taken plaintiff's horse therefrom, and gone a long journey, lasting several days; also for ill-treating and overworking the horse, which was thereby lessened in value, and also for the trouble and expense of plaintiff in procuring another horse to transact his business, etc., in the mean time.

The answer is a general denial. Much of the evidence upon the trial related to the ownership of the horse, but no question arises upon that subject.

The horse was returned to the possession of the plaintiff before the commencement of the action.

The only question upon this appeal relates to the evidence of damages.

The plaintiff proved, upon the trial, that during the time the defendant deprived plaintiff of his horse the plaintiff was compelled to hire another horse, and to pay therefor the sum of $5.

Assuming, now, that such evidence was properly objected to, the question will be, was such evidence proper as an item or rule of damages ?

The county court held the evidence was improper, but affirmed the judgment notwithstanding, holding that though the evidence was improper and well objected to, it manifestly did no harm.

I am inclined to think the views of the county judge were erroneous in holding that the evidence was improper, and harmless if improper.

The gist of the action was not the conversion of the horse, but for unlawfully depriving plaintiff of the use of his horse, and for injuries done to the horse while thus depriving plaintiff of the use, and for compelling plaintiff to hire and pay out money for a necessary substitute for that of which he had been unlawfully deprived.

Plaintiff proved that his necessary business required the use of a horse while defendant had his horse; that he procured the use of another at the lowest price, and that the price he was compelled to pay was just and reasonable.

I think the price plaintiff was compelled to pay being low and reasonable, and the lowest he could obtain a substitute for was the natural, necessary and proximate consequence of defendant's wrongful act, and was, therefore, an item of legitimate damage, and recoverable in this action.

In *Bennett* v. *Lockwood*, 20 Wend. 223, and *McDonald* v. *North*, 47 Barb. 530, the court held that time and money spent in looking up property unlawfully taken from plaintiff may be recovered for as damages.

In *Albert* v. *Bleecker St. R. R. Co.*, 2 Daly, 389, the plaintiff was allowed to recover the profits of his business (expressman) while he was deprived of the use of his horse by defendant's wrongful act, and while procuring a substitute. *Allen* v. *Fox*, Commission of Appeals, 8 Albany Law Jour., p. 125.

In *Sydes* v. *Hay*, 4 T. R. 264, it was held plaintiff might recover

what he had been compelled to pay to procure another. This case is approved in *Moon* v. *Raphael,* 2 Bing. N. C. 310; *Davis* v. *Oswell,* 7 Car. & Payne, 804.

It has been held, in those English cases, that the owner might recover the value of carpenter and joiner tools, and also damages for loss of profits for the necessary time it required to supply their place.

I do not doubt that such proof was proper.

Plaintiff also gave proof of what the use of his horse was worth by the day while defendant had him, and also some proof of injuries. This latter proof was controverted, and it was proper for the jury to allow damages for such injuries, if they were satisfied the horse was injured by defendant.

Plaintiff was compelled to hire a horse for three of the five days defendant had plaintiff's horse.

It is not to be presumed, when there were several items of legitimate damages, that the jury allowed plaintiff for the sum he was compelled to pay out for a horse for the three days, and also the two dollars a day which the use of a horse was worth for the five days that defendant had the plaintiff's horse.

The presumption is that the jury allowed the plaintiff, in their verdict, for the five dollars he paid out for the use of another horse for the three days, and for the other two of the five days defendant had plaintiff's horse, at the rate proved, and the balance of their verdict was for injuries to the horse.

I think the judgment should be affirmed with costs.

PARKER and BOARDMAN, JJ., concurred.

*Judgment affirmed.*