GEORGE W. PATTERSON, Jr., Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

*Indictment — Variance — Impeachment of witnesses — evidence tending to — Objections — effect of, when grounds are not stated.*

The plaintiff in error was tried and convicted upon an indictment charging him with obtaining money on false pretenses. The indictment alleged that he was doing business as a private banker, under the name of the George Washington Bank, and committed the offense in the course of such business by making false representations to depositors as to his credit and solvency. Upon the trial it appeared that he carried on business under the name of the Geo. Washington Bank. *Held*, that the variance was immaterial and should be disregarded.

Upon the trial a witness, called in behalf of the people, testified that plaintiff in error told him that he was worth $150,000, and had taken care of his friends before the assignment; and that he tried to sell the witness land so as to protect him. Plaintiff in error having been called as a witness in his own behalf, his counsel offered to show by him that the testimony of the people's witness was an after-thought on his part, and that he had threatened to give such evidence unless plaintiff in error would pay the amount due to him; which evidence was, against the objection and exception of prisoner's counsel, excluded. *Held,* that this was error, that the evidence was admissible to impeach the credit of the first witness.

Objections to testimony which assign no ground for its rejection will, although they are sustained in the court below, be disregarded on appeal, and a new trial ordered because of the rejection of such testimony, unless it clearly appears that the objections, if properly taken, would have been decisive of the case, and could not have been obviated.

WRIT OF ERROR to the Steuben County Court of Sessions, to review the conviction of plaintiff in error on an indictment for obtaining money on false pretenses.

*A. P. Lanning*, for the plaintiff in error.

*F. A. Williams*, district attorney, for the defendant.

MERWIN, J.:

The indictment charged that on the 18th November, 1873, Patterson was a private banker doing business under the name of the George Washington Bank, and as such private banker, had received divers moneys on deposit, which he, as such banker, undertook and agreed to pay on demand to the depositors at his banking office at Corning; that at the said date and place he made divers false representations to Peter Colgan, with intent to cheat and defraud him; in substance, that he as such banker and said bank were solvent and had sufficient available assets to pay all deposits. From the evidence given on the part of the people, it appeared that the title of the bank was the "Geo. Washington Bank," and at the close of the people's case, the defendant below asked the court to quash the indictment upon the ground of misnomer, being the variance between the name of the bank as alleged and proved. This request was denied and exception taken. It will be observed that this name is not that of a corporation, but simply a name used by Patterson

in his business, and is descriptive thereof. It is not the name of a legal entity. This name was not in issue — did not go to the merits of the offense.

The Revised Statutes provide that no indictment shall be deemed invalid or the trial affected by any misstatement of the defendant's title, occupation, estate, or degree, when the defendant shall not be misled or prejudiced by such misstatement, or by reason of any other defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant. (2 R. S., 728, § 52.)

The misstatement in question would seem covered by this statute. But, aside from that, is it a material variance to use the abbreviation " Geo." instead of the full word "George ?" It is a common and well-understood abbreviation. There may be cases where it would be a question of fact for the jury to say whether the meaning was the same, but this is not such a case, nor did the defendant ask to leave it to the jury. In *Lewis* v. *Few* (5 Johns., 1, 28), where the allegation was " U. States," and the proof " United States," the variance was held to be immaterial. In *United States* v. *Hinman* (1 Baldwin, 292) the indictment charged a forgery of an order on "the cashier of the corporation of the president and directors of the Bank of the United States," and the order in evidence was drawn on "the cashier of the Bank of the United States;" held, not fatal. The order was alleged to have been signed " Jno. Hulse," and that in evidence was signed "Jna. Hulse;" held, matter for the jury to say whether the same person was meant. (See *People* v. *Runkel*, 9 Johns., 156; also *State* v. *Kean*, 10 N. H., 347; 1 Archbold's Cr. Pl. and Pr. [8th ed.], 242, 375, and notes.) The refusal to quash the indictment was not error.

Upon the trial a witness, Hutchins, testified on behalf of the people that Patterson told him he was worth $150,000 ; that he had taken care of his friends before the assignment, and tried to sell him land so as to protect him. Patterson, as a witness on his own behalf, denied these statements, and was then asked whether Hutchins had made threats against him, to which evidence the counsel for the people objected.

Defendant's counsel then offered to show that the evidence of Hutchins was an after-thought on his part, and that he had threatened to give such evidence unless Patterson would pay him, he being a

depositor. The court sustained the objection and defendant excepted.

The ground of the objection or ruling was not stated. The proof offered was not of an affirmative character, but went to the credit of Hutchins. Hutchins had testified to what was material on the question of intent. It was, therefore, proper to attack his credit in this way. (1 Greenl. Ev., § 450 ; *Newton* v. *Harris*, 2 Seld., 345.)

It does not appear that he had been previously interrogated as to these matters. This should have been done. (Starkie on Ev., 242 ; *Lee* v. *Chadsey*, 3 Abb. Ct. App. Decisions, 47.) This objection was not, however, specifically taken. If taken, it might have been obviated by recalling Hutchins. Not being taken, it should be considered waived. (*McDonald* v. *North*, 47 Barb., 530; *Levin* v. *Russell*, 42 N. Y., 255.) Objections to testimony, without assigning any ground therefor, will be disregarded, unless it clearly appears that the objection, if properly made, would have been decisive of the case and could not have been obviated. I think, therefore, this evidence was improperly excluded. Having reached this conclusion, it will not be necessary to consider the other exceptions.

Judgment should be reversed, and case remitted to the Sessions for new trial.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ

Judgment and conviction reversed, and proceedings remitted to Steuben Sessions for new trial.