THE BURLINGTON & M. R. RAILROAD COMPANY v. BUDIN.

1. NEGLIGENCE—MASTER AND SERVANT.

No recovery can be had by an employé against his employer for an injury sustained in the employment unless the injury was the result of negligence of the employer or those having charge of the work. Such negligence must be the proximate cause of the injury, and must be established by a preponderance of the testimony.

2. PROXIMATE CAUSE DEFINED.

Proximate cause is that cause which immediately precedes and directly produces an effect as distinguished from a remote, mediate or predisposing cause.

3. PRACTICE—NONSUIT.

The plaintiff in an action for damages founded upon defendant's negligence should be nonsuited or the jury should be instructed to find for the defendant when there is no evidence of negligence.

*Appeal from the County Court of Logan County.*

Messrs. WOLCOTT & VAILE and Mr. W. D. KELSEY, for appellant.

No appearance for appellee.

REED, P. J., delivered the opinion of the court.

Appellee (plaintiff below) brought suit before a justice of the peace for injuries received by him while employed by the corporation as a laborer. A trial was had, with judgment for the plaintiff; an appeal taken to the county court; trial had to a jury; verdict and judgment for the plaintiff for $200, and an appeal prosecuted to this court.

The plaintiff, with six or eight others, in charge of McDonald, the roadmaster, were putting in a "switch" (and side track). Plaintiff and three others were told to carry a steel rail across the main track to the point where it was to be used. Two at each end of the rail took it up, carried it across to the place where wanted. The parties at the other end from the plaintiff, either without giving notice or without the notice being heard by plaintiff, dropped their end of the rail, by reason of which the other end fell, striking the great toe of plaintiff, crushing it, and also inflicting some lesser injuries upon some of its fellows. Plaintiff was disabled for a time, and in care of a physician.

In my view of the case, the extent of the injury, the amount of money expended, and length of time lost are unimportant.

The only evidence attempted to establish negligence was that the roadmaster, McDonald, was rather boisterous, rushed or hurried the work, and some twenty minutes before the

accident occurred had had a wordy altercation with an employee named Shinwall, in which both parties had used unbecoming and improper language, and the altercation had resulted in Shinwall quitting or being discharged. What the language was is not shown in evidence. That it was very bad is shown by the fact that the paralyzing effect lasted for nearly half an hour after the altercation ended. The mental effect remained, incapacitating even the hearers. Those carrying the rail were perturbed, mentally upset. To this fact the injury to the foot is attributed.

Driscoll, the principal witness, by whose ingenuity the alleged cause was connected with the event, was one of the four engaged in carrying the rail. He testified: "I didn't keep track of anybody; knew there was a jangle and had to look out for myself. Q. Was it that jangle that caused you to drop that rail? A. I guess that was the particular cause, *and probably in my not paying attention.* Q. Was the jangle going on when you were carrying the rail? A. No; it had quieted down about twenty minutes, I think."

I can find no case in the books where such facts are held to be such *negligence* as to subject a corporation to judgment for damages. Another trouble is here presented;—both McDonald and Shinwall used improper language. How much of the mental irresponsibility resulted from the language of McDonald and how much from that of Shinwall is not shown. The mental disqualification may have resulted entirely from the language of Shinwall. If such were the fact, it could not be the *negligence* of the defendant. If it was the joint result of both, it should have been apportioned, and defendant could only be held accountable for its contribution to the supposed *negligence.* The well settled rule of law is that no recovery can be had unless the injury was the result of the *negligence* of the employer or those having charge of the work. Such negligence must be the "proximate cause" of the injury, and must be established, like any other fact, by a preponderance of testimony.

"Proximate cause" is defined to be "that cause which

immediately precedes and *directly produces* an effect as distinguished from a *remote, mediate*, or *predisposing cause.*" "Immediate; nearest; next in order." The maxim of the law is, "*Causa proxima, non remota spectatur.*"

It is said and well settled that a party is not responsible "in respect of mischief which could by no possibility have been foreseen, and which no reasonable person would have anticipated." Broom's Leg. Max., 386; *Greenland v. Chaplin*, 5 Exch. 248; *Rigby v. Hewitt*, 5 Exch. 243.

"An act is the proximate cause of an event when, in the natural order of things, and under the particular circumstances surrounding it, such an act would necessarily produce that event." Shear. & Red. on Neg., 11.

In negligence, all courts, both in England and America, construe "proximate cause" as a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue. *Bellefontaine R. Co. v. Snyder*, 25 Conn. 265; *Bennett v. Lockwood*, 20 Wend. 223; *McGrew v. Stone*, 53 Pa. St. 436.

In this case the connection between cause and result is so attenuated as not to be easily seen. The result appears very remote; one that could not have been anticipated or foreseen, and apparently no more the result of the alleged cause than any other unforeseen accident.

The court erred in admitting any evidence of the roadmaster's altercation with Shinwall, and its effect upon the employees. It could in no way afford a basis upon which negligence could be predicated. The court also erred in admitting the unsworn certificate of the attending physician, Hall, in regard to the character and extent of the injury sustained by the plaintiff. In a case where proof of damage is, proper, the evidence of the physician is competent, but I know of no rule of evidence making a certificate, unverified and unsworn, as this was, competent.

The court erred in refusing the motion for a nonsuit. There was no question of negligence to be submitted to the jury, as far as the defendant was concerned. If the evidence

had any tendency to establish negligence, it was either that of his fellows in dropping the rail prematurely, for which the employer could not be held responsible, or his own, in holding on after he should have let go. The case as made by the evidence is clearly one of accident, pure and simple, and in no way resulting from negligence.

This court will, and all other courts should, hold corporations and employers strictly accountable for injuries to employees resulting from carelessness, but the law has been carried to its extreme limit in this direction, and employers cannot be held to be insurers against injuries purely accidental in character.

The fourteen instructions given by the court to the jury were, many of them, good law, and would have been apt and proper in a case where a question of negligence was involved. In this case the only instruction that could have been properly given would have been to find for the defendant. The judgment will be reversed.

*Reversed.*