(23 Misc. Rep. 579.)

BRACKEN v. ATLANTIC TRUST CO. et al.

(Supreme Court, Trial Term, New York County. June 1, 1898.)

JUDGMENT—RES JUDICATA—QUESTIONS NOT IN ISSUE.

A judgment for the possession of shares of stock, held by a trustee, is no· bar to an action for damages for the depreciation in value of the stock, while it was unlawfully detained, where no issue as to damages was involved in the previous litigation.

Action by William Bracken against the Atlantic Trust Company· and others. Verdict for plaintiff, and defendant trust company· moves for a new trial. Motion denied.

Ward, Hayden & Satterlee, for·the motion.
Hornblower, Byrne, Taylor & Miller, opposed.

McADAM, J. Plaintiff sued to recover $180,000 damages claimed· to have been sustained by him and his assignors, holders of 102 bonds·

of the Julien Electric Traction Company, by reason of the wrongful refusal of the defendant Atlantic Trust Company to deliver up 30,000 shares of stock of the Consolidated Electric Storage Company, deposited with it as security for the fulfillment of a guaranty of payment of said bonds, under the following circumstances: In April, 1892, a corporation known as the "United Electric Traction Company," by an instrument in writing, guarantied to the Mercantile Trust Company, as trustee for the holders and owners of said 102 Julien bonds, the payment thereof, and as security for the performance of the guaranty deposited with the defendant Atlantic Trust Company the 30,000 shares of the capital stock of the Consolidated Electric Company aforesaid. Default was subsequently made in the payment of interest on the 102 Julien bonds, by reason whereof the principal amount thereof became due, and the mortgage securing the bonds was foreclosed by the trustee the Mercantile Trust Company. The mortgaged property when sold realized for the bondholders $1,488.56. The Mercantile Trust Company thereupon demanded of the United Electric Company the payment of the bonds pursuant to its agreement of guaranty, which was refused. In November, 1892, the Mercantile Trust Company, acting in behalf of the holders and owners of the 102 Julien bonds, demanded of the Atlantic Trust Company, for the use of the Julien bondholders, the 30,000 shares of Consolidated Electric Company stock, deposited with it as security for said guaranty. The Atlantic Trust Company refused to comply with the demand, and the Mercantile Trust Company was obliged to bring suit in equity to enforce a delivery of the stock, which was finally delivered over in March, 1896, by force of a decree made in said suit requiring such delivery. The stock was thereafter, to wit, in April, 1896, duly sold under the order of the court, at auction, for $2,100. Excepting this sum, nothing has been paid on the 102 Julien bonds. The Julien Company and the United Electric Company became insolvent, and had no assets whatever. The theory of the plaintiff's action was that if the Atlantic Trust Company had performed its duty as trustee, and complied with the demands made upon it in November, 1892, the 30,000 shares of Consolidated Electric stock could then have been sold for $4 a share, or $120,000, that being the market price at that time; that in consequence of the detention of the stock until March, 1896, its value had depreciated to $2,100, the sum it brought at the auction sale held in the month following; and that the expense of obtaining possession of the stock, an element of damage (Bennett v. Lockwood, 20 Wend. 223; McDonald v. North, 47 Barb. 530; Machine Co. v. Best, 50 Hun, at page 80, 4 N. Y. Supp. 510), exceeded what the stock sold for. The court charged the jury that the plaintiff had a cause of action, and that the measure of damages was the difference between the value of the bonds at the time of conversion in November, 1892, and their return in March, 1896, with the accrued interest for the wrongful detention, and the jury awarded the plaintiff as damages $151,142.82. The evidence fully sustains the award made, and as the plaintiff's property in the 102 Julien bonds fully equals that amount, even after crediting the $1,488.56 realized on the sale, it

cannot be said that the judgment is excessive. The action was brought in the name of the plaintiff because the Mercantile Trust Company, the trustee, declined to bring it, and that company was in consequence made a party defendant. Code, § 448. No objection is made on this account to the form of the action or the plaintiff's right to maintain it. The real defense strenuously urged was that the judgment in the equity suit brought by the Mercantile Trust Company, for the possession of the 30,000 shares of stock, is a bar to this action, because, as it is claimed, the relief demanded here could have been had there, that the defendant should not be vexed twice for substantially the same cause, and that there could be but one recovery in respect to said stock. The judgment of a court of competent jurisdiction directly on the point is, as a plea in bar and as evidence in certain cases, conclusive between the same parties, or their privies, upon the same matter directly in question in another suit. The proposition is whether this principle can be applied to the present controversy. The rule is that an estoppel requires strict proof. A fact cannot be held to have been adjudicated in a former suit unless it so expressly appears by the record, or, at least, is clearly shown by evidence aliunde that it was determined. In other words, a judgment is conclusive upon the parties thereto only in respect to the grounds covered by it, and the law and facts necessary to uphold it (see cases collated in note to Nobis v. Pollock, 23 Abb. N. C. 283, 6 N. Y. Supp. 273, et seq.). "It is only the material, relevant, and necessary facts which are decided in an action that are conclusively determined thereby. * * * It is final as to such facts as are litigated and decided therein, which have such a relation to the issue that their determination was necessary to the determination of the issue." Lance v. Shaughnessy, 86 Hun, at pages 414, 415, 33 N. Y. Supp. 515; House v. Lockwood, 137 N. Y., at page 268, 33 N. E. 595; and see Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541. Whether the plaintiff could have had the same relief under the pleadings in the first action as was demanded in the second is one of the tests of a former adjudication. Stannard v. Hubbell, 123 N. Y., at page 531, 25 N. E. 1084. "In pleading a former adjudication it is necessary that the plea contain an averment, in some form, that the matter now in controversy was actually determined in the former suit, or else that it might have been litigated under the issues then joined." 9 Enc. Pl. & Prac. 622. The rule allowing the plea in bar was intended to prevent vexatious litigation, and is rigidly enforced in common-law actions, but not in equity cases, where the courts, having ample power so to mold the relief granted as to prevent injustice, will not enforce it unless equity in the particular case requires it. O'Dougherty v. Paper Co., 81 N. Y., at pages 499, 500. No damages were claimed in the suit by the Mercantile Trust Company, so that the subject of the right thereto was neither litigated nor determined there, and could not be, for it was not one of the issues to be tried. The object of that suit was to take the subject of the trust out of the hands of the Atlantic Trust Company, and place it under the control of the court for execution. It was

practically a proceeding to remove from office a trustee for breach-
of duty, and culminated in that end.    Such a proceeding can
hardly operate as a bar to an action against the trustee for mis-
feasance while in office, and such is, in effect, the legal position of the-
parties here.    The defendant relies upon Bank v. Blye, 123 N. Y..
132, 25 N. E. 208, wherein it appears that the plaintiff brought an
action of replevin to recover the possession of 46 coupon bonds of
the West Point Manufacturing Company, with damages for the de-
tention thereof, in which the plaintiff succeeded in obtaining judg-
ment for possession, with substantial damages to the time of trial.
The defendant gave an undertaking by means of which he retained
possession of the property, not only up till the time of judgment,
but thereafter by stays upon appeal.    The plaintiff, having ulti-
mately succeeded, brought a new action to recover the depreciation
of the property between the time of trial and the final return of the
property, and the court held that such an action was not maintain-
able; that there could be but one recovery of damages, which was al-
ready had; and that the law did not authorize a new action to re-
cover for depreciation after judgment, while the property was virtu-
ally in the custody of the law pending the appeal taken by the de-
fendant.    It is impossible to apply the principle decided in that case
to this one.    McCarthy v. Hiller, 26 App. Div. 588, 50 N. Y. Supp.
626, presents the question involved more distinctly.    There it ap-
peared that the plaintiff had exchanged some real estate with the-
defendant, and thereafter brought suit to set aside the exchange on
the ground of fraud, and recovered judgment restoring to him the-
property which he had previously conveyed.    After securing that
judgment, the plaintiff brought another action to recover rentals
collected by the defendant while in possession of the property.    The
question was whether the former judgment was a bar.    The court
said:

"It is not sufficient that the action should be between the same parties and in
respect to the same property; it must be shown that the particular cause of
action has been before the court, and that it was passed upon in arriving at the-
judgment of the court.    Suppose, for instance, that the defendant, while in the
fraudulent possession of the property, had maliciously destroyed the plumbing
or had removed the mantels or had materially deteriorated the value of the
premises, which facts were unknown at the time of the pendency of the original
action, would it be maintained that a previous adjudication of a controversy,
in respect to the title, had disposed of an action for damages?    Obviously the
mere fact that an action has been determined between the parties which involved
the same premises is not a bar to an action to recover money which came into
the possession of the defendant by reason of his presumed ownership of the prop-
erty.    * * *    All collateral questions necessarily arising in the litigation are
deemed to be merged in and determined by the judgment of the court, but this
does not apply to questions which were not before the court, and which are in
themselves sufficient to sustain a separate cause of action."

One of the first doctrines in the law of merger is that the precise
matter in controversy in the second suit could, in the nature of
things, have been the subject of controversy in the first suit.    The
cause of action in the second suit was not perfected until the breach
of duty by the Atlantic Trust Company had ceased through the re-
turn of the stock, and whether it came back pursuant to judgment or-

by the voluntary act of the defendant makes no legal difference. The rule applicable to trover, trespass, and replevin is that, "where the injured party accepts reparation, it operates as a reduction of damages. Thus, where goods wrongfully taken from the owner are returned to him and accepted, damages are reduced by the value of the goods when accepted." Sedg. Meas. Dam. (8th Ed.) §§ 55, 494; 3 Suth. Dam. 528; Hibbard v. Stewart, 1 Hilt. 207; Bates v. Clark, 95 U. S. 204; 4 Am. & Eng. Enc. Law, 125, 126; Brewster v. Silliman, 38 N. Y. 423, 428; 6 Wait, Act. & Def. 220. Or, as stated in the syllabus to Bowman v. Teall, 23 Wend. 306: "Where common carriers have been guilty of negligence, whereby the owner of goods has sustained injury, the subsequent acceptance of the goods by the owner is no bar to an action, but may be given in evidence in mitigation of damages." See, also, Sedg. Meas. Dam. (8th Ed.) § 536. When the stock was returned by the Atlantic Trust Company, in March, 1896, the extent of the injury became for the first time definitely known, and the right of action now being prosecuted then became complete. The principle of estoppel by record, that no one shall be vexed twice for the same cause, is inapplicable here. The Atlantic Trust Company held the 30,000 shares of stock as trustee for the Julien bondholders, with the active duty, upon default of the guarantor, of so disposing of or dealing with the stock as in the best manner to afford security to the bondholders. The duties were more than those of a bailee and amounted to those of a trustee. Trusteeships was the business of the institution. The certificate of stock was made out in its name "as trustee." Use of the certificate in any way could only be effective upon the indorsement of the Atlantic Trust Company, as trustee, upon the back of the certificate. One of two courses was open to the defendant,—either personally to dispose of the stock for the benefit of the bondholders, or else to deliver over the certificate therefor, duly indorsed, to the Mercantile Trust Company, which was another trustee for the bondholders, stated to be such in a mortgage securing the bonds as well as in the guaranty, the performance of which the bond was given to secure. The Atlantic Trust Company declined to adopt either course, whereupon the Mercantile Trust Company, as trustee, at the request and for the benefit of the holders of the Julien bonds, filed its bill in equity, praying for a decree that the stock be disposed of pursuant to the direction of the court. Judgment followed accordingly, the Atlantic Trust Company being directed to deliver the stock to the Mercantile Trust Company, "for the purposes aforesaid," which was a sale under the direction of the court for the benefit of the bondholders, who obtained no other benefit from that adjudication. The detention of the stock by the Atlantic Trust Company from 1892 to 1896, and the refusal of that company to perform its duty as trustee, caused great loss to the bondholders of the Julien Company, who have no means of redressing the wrong, except by this action. The technical doctrine of merger is therefore invoked by the defendant to preclude the plaintiff from litigating an independent phase of the subject-matter not before presented to the court, and neither litigated nor decided in the former

action, which is carrying the rule further than any principle of substantial justice requires. For these reasons the motion for a new trial must be denied.