PRECKER v. SLAYTON et ux.

(Court of Civil Appeals of Texas. Austin. May 24, 1911. Rehearing Denied June 28, 1911.)

1. TRIAL (§ 143*)—TAKING CASE FROM JURY —CONFLICTING EVIDENCE.

Where the evidence on an issue is in conflict, the issue is for the jury, and a directed verdict thereon is improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. § 143.*]

2. JUDGMENT (§ 252*)—ISSUES.

In an action for advances to a tenant in 1908 and for the enforcement of a landlord's lien for advances on crops for 1909, an instruction that plaintiff could only recover such advances as were necessary to make a crop on the land for the year 1909, but not for any debts owed to him by defendant previous thereto, is erroneous, since it precludes the plaintiff from any recovery for such previous advances as he might have shown; plaintiff being entitled to a judgment for such advances, but not to a lien therefor on the 1909 crop.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 441, 442; Dec. Dig. § 252.*]

3. TRIAL (§ 253*)—INSTRUCTIONS — CONFORMITY TO ISSUE.

In an action by a landlord for advances, where the evidence was conflicting as to whether a third person, who furnished merchandise to the tenant, looked to the landlord as a principal debtor or as a surety, an instruction presenting the case as if plaintiff were a surety, is erroneous, as ignoring one of the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from Grimes County Court; Hood Boone, Judge.

Action by Chr. Precker against Henry Slayton and wife. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Edgar E. Witt, for appellant. W. W. Meachum, for appellees.

RICE, J. During the years 1908 and 1909, appellant rented to appellee two certain tracts of land situated in Grimes county. The record shows that according to appellant's contention there was a balance owing him from appellee for advances during the year 1908, as well as for rent and advances during the year 1909, aggregating $276.14, to enforce the collection of which amount he brought this suit against appellees, as well as to foreclose his landlord's lien upon certain parts of the crops raised on said premises during the year 1909, and upon certain implements claimed to have been furnished by him to them during the year 1908.

The distress proceedings originated in the justice's court, but the writ was made returnable to the county court, where the case was finally tried and disposed of, and, from a judgment in favor of appellee. Henry Slayton against appellant, this appeal is prosecuted; a judgment having been entered in favor of Carrie Slayton on her plea of coverture.

Defendant pleaded general demurrer, general denial, and specially denied by counter affidavit the justness of several items contained in plaintiff's count, and also pleaded payment, set-off, and reconvention for damages for breach of contract and illegally suing out and levying of the distress warrant upon certain property claimed to have been exempt. It will be unnecessary, however, in the view we take of this case, to further notice these several pleas.

[1] In his first amended petition plaintiff sought, not only to recover judgment for an item of $85 claimed to have been furnished appellee as advances during the year 1909, but likewise sought a foreclosure of his landlord's lien for said amount. It appeared from the evidence that this item, if furnished as such, was for the year 1908, and not for 1909, as pleaded; but appellant, during the progress of the trial, filed a trial amendment, showing that said item was furnished during the year 1908. There was evidence on the part of appellant to the effect that this item

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

was properly chargeable against appellee as an advancement, and also upon the ground that appellee had agreed and bound himself to pay said item. There was, however, evidence on the part of appellee that said item was improperly charged to him, and was for lumber used in repairing a house belonging to appellant, and that the same was purchased in accordance and by virtue of his contract with appellant. He also denied that he ever agreed to pay said item. Upon this state of the evidence the court gave the following charge, which is complained of by appellant in his first assignment, to wit: "You are further instructed in this case that upon the admitted testimony the plaintiff cannot recover the item of $85 and interest thereon, and you will find for the defendant Henry Slayton against the plaintiff on those (such) items charged against defendant in his account." The pleadings and evidence having raised an issue as to whether or not defendant was liable thereon, it was the duty of the court to submit this issue of fact for the determination of the jury, and it was therefore improper to direct a verdict against plaintiff, as was done by said special charge, for which reason we sustain this assignment.

[2] The court likewise gave the following charge: "You are further instructed that under the allegations of said first amended original petition the plaintiff can only recover of defendant such advances as were made to said defendant by said plaintiff which were necessary to enable defendant to make a crop on said premises for the year 1909, and plaintiff cannot recover for any debts owed to him by defendant for prior years, or which were incurred in the usual course of business, but which were not incurred for advances necessary to make said crop of 1909." This charge was error, for the reason that, while plaintiff was not entitled to a foreclosure of his landlord's lien on the crop of 1909 for any advances made by him to defendant as a balance on the year 1908, still this would not preclude plaintiff under his pleadings from a recovery for any such balance as he may have shown himself entitled to for the year 1908, and the charge should have submitted such issue to the jury for their consideration; but should have directed them, however, that plaintiff was not entitled to any foreclosure of his landlord's lien for such indebtedness, if any, as he was only entitled to a foreclosure for rents of and advancements furnished during the year 1909.

[3] One of the items declared upon in plaintiff's petition was for $72.55 for merchandise furnished at his instance by one Bletch to appellee. The testimony on the part of appellant shows that he directed Bletch to furnish appellee merchandise to said amount, and that the same was in fact so furnished to and accepted by appellee, Bletch testified that this account was charged to Henry Slayton, with Precker as surety, but that such entry on his books was made by him for convenience only, and that he looked to Precker for its payment. It was not shown that Precker knew how this account was charged; and, in addition to this statement, Precker and another witness testified that during the entire year 1909 Precker had on deposit with Bletch more than enough money to have paid said account. And Precker testified that while he had had no final settlement with Bletch that he had directed him to apply said money to the payment thereof. It was further shown on the part of Precker that while he had not paid this item he had tendered payment of his account to Bletch. Bletch's testimony indicated that this tender did not embrace another item of account that was in controversy between him and Precker, for which reason he did not accept it, admitting, however, that Precker at no time disputed said item of $72.55.

Under this state of the evidence the court gave the following charge, which is made the basis of the third assignment of error, to wit: "If you believe from the preponderance of the evidence that Bletch advanced during the year 1909 to Henry Slayton merchandise to the amount of $72.55, as charged in plaintiff's account against defendant, and if you believe that said amount was charged by said Bletch to Slayton with Precker as surety, and you further find that Precker has not paid said account, then plaintiff cannot recover said debt against defendant in this suit; the law being that a surety must pay the debt of his principal before he can recover said debt of his principal."

This charge was error, in that it assumed that the mere charging by Bletch on his books of the account to Slayton with Precker as security, the same not having been paid by Precker, was alone sufficient to defeat his recovery thereon, since there was evidence raising the issue that, notwithstanding said entry, appellant was not a surety, but the original debtor. We think both phases of this issue should have been submitted to the jury under an appropriate charge, leaving them to determine from the evidence whether appellant, under the facts, was the original debtor or a mere surety for Slayton. If the former, he was entitled to recover, and if the latter he was not, if he had not paid the same; for which reason we sustain this assignment.

Other errors are assigned which will not likely recur on another trial, for which reason it will be unnecessary to discuss them. But, for the errors indicated, the judgment of the court below is reversed, and the cause remanded for another trial in accordance with the views herein expressed.

Reversed and remanded.