## WALL v. WILSON.

(Court of Civil Appeals of Texas. Austin. Feb. 28, 1912. Rehearing Denied April 3, 1912.)

TRIAL (§ 139*)—QUESTIONS FOR JURY—EVIDENCE.

Where the evidence on an issue of fact leaves room for reasonable minds to draw different conclusions therefrom, or where there is evidence however meager to sustain an issue made by the pleading, the issue should be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

Appeal from District Court, Coleman County; J. P. Ledbetter, Special Judge.

Action by Mrs. Adelle Wilson against H. G. Wall. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Weatherred & McDaniel, of Coleman, for appellant. Woodward & Baker and Snodgrass & Dibrell, both of Coleman, for appellee.

RICE, J. This suit was brought by appellee in the ordinary form of trespass to try title against appellant to recover title

and possession of 314.1 acres of land out of the T. B. Frizell survey, about five miles northwest from Coleman, in said county, describing the same by survey, certificate, and patent number, as well as by field notes. After a general and special demurrer, and a plea of not guilty, appellant disclaimed any interest in the land sued for, except as to 180 acres thereof, embracing that part in cultivation, including the houses, lots, barns, and other improvements thereon, which, without describing by metes and bounds, he claimed to have rented for the year 1911 from appellee, and also pleading that plaintiff was estopped from recovering possession thereof by reason of the fact that she had permitted him to plow up 25 acres of said land during the year 1910, preparatory to its cultivation during the next season, as well as to do other work thereon. There was a jury trial, wherein the court instructed a verdict in behalf of appellee, from which this appeal is prosecuted, and said instruction is assigned as error.

During the year 1910 it appears that appellant was in possession of said 180 acres, having rented the same from appellee for said year, and the evidence on his part showed that during the month of August of said year he, by parol contract, rented the land from appellee for the succeeding year, beginning on the 1st day of January, 1911, and ending on the 31st day of December, 1911. This contention is supported by his own evidence, as well as the testimony of other witnesses, while the evidence on the part of appellee denied that any such rental contract was ever made by her for said year, but showed that she had expressly refused to rent the same to him, unless he would enter into a written contract containing certain stipulations, which he had continuously refused to do, for which reason she had frequently demanded the possession of said premises of appellant, which he declined to surrender.

This being the state of the record, it was the duty of the court to have submitted this issue of fact for the determination of the jury, and it was therefore error on the part of the court to instruct a verdict in behalf of plaintiff. The settled law of this state is that, where the evidence leaves room for reasonable minds to draw different conclusions therefrom, it becomes the duty of the court to submit the issue of fact thereby presented for the determination of the jury. See Sovereign Camp Woodmen of the World v. Jackson, 138 S. W. 1137; Precker v. Slayton, 138 S. W. 1160; Mitchell v. Stanton, 139 S. W. 1033; Life Assurance Society v. Ellis, 137 S. W. 184. It has also been held that an issue raised by the pleadings must be submitted to the jury when there is any evidence, however meager, tending to support it. Mc-

Gown v. I. & G. N. R. R. Co., 85 Tex. 293, 20 S. W. 80. We therefore sustain this assignment.

There are other questions raised by the brief, some of which will not likely occur on another trial, and others are not properly briefed, for which reason they will not be considered, but we may say in passing that we are inclined to the belief that the 180 acres claimed to have been rented by appellant for the year 1911 are sufficiently described in his answer.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded.