No. 5350.

GULF, COLORADO AND SANTA FE RAILWAY COMPANY *v.* LOUIS.
REDEKER.

1. DAMAGES—NEGLIGENCE—PARENT AND CHILD.—If injury results to a
minor from the negligence of his employer, the parent is entitled to a
judgment against the employer for damages for the loss of the minor's
services caused by such negligence, and incidental expenses resulting
from the injury.
2. SAME.—If the employment was for a service in its character dangerous,
and the minor was employed without the father's consent, his minority
being known to the employer, and injury results to the minor in the
course of his employment, the father may recover, as damages, the value
of the son's services to him which were lost by reason of the injury.
3. SAME.—When the father sues in tort for enticing away or harboring his
minor child, he must, in order to recover, aver and prove that the de-
fendant knew of the minority. The same rule applies when the father
sues for damages resulting from the employment of his son in a danger-
ous business, and without his consent.

APPEAL from Tarrant. Tried below before A. M. Carter, Esq.,
Special Judge.

*Davis, Beall & Rogers,* for appellant, cited Texas and Pacific
Railway Company v. Carlton, 60 Texas, 400; Texas and New Or-
leans Railway Company v. Crowder, 61 Texas, 263, and authori-
ties cited; Johnson v. Terry, 34 Connecticut, 259; Everett v.
Sherfey, 1 Iowa, 356; Whiting v. Earle, 3 Pickering, 201; Bray
v. Wheeler, 29 Vermont, 514; Sword v. Keith, 31 Michigan, 247.

*W. McLaury* and *Ball & McCart,* for appellee, cited Houston
& Great Northern Railroad v. Miller, 49 Texas, 322; Railroad
v. Showers, 71 Indiana, 451; Railroad v. Valirius, 56 Indiana,
511; Porter v. Railroad, 71 Missouri, 66; Louisville, etc., Railroad
Company v. Willis, decided by Kentucky Court of Appeals May
7, 1885, 6 Kentucky Law Reporter, 784, and reported in the Cen-
tral Law Journal, volume 21, number 3, July 17, 1885, page 57.

GAINES, ASSOCIATE JUSTICE. Appellee brought this suit in the
court below, alleging in substance that appellant, without his
consent, employed his minor son, J. W. Redeker, as a brakeman

on its road, and that while so employed the son was injured through the negligence of appellant, and that thereby appellee lost his services and was put to expense, etc.

The charge of the court is assigned as error, and in so far as it relates to appellee's right to recover, is as follows:

"You are instructed that the law is, the father is entitled to the services of his minor son during minority, and the minor son can not, without the consent of his father make legal contracts; nor without such consent, either before or by acquiescence after knowledge of the father, engage in business for himself. If you believe that J. W. Redeker was at the time of the injuries a minor under twenty-one years of age, and that he, without his father's consent or knowledge, had engaged himself to defendant company, and whilst so engaged received the injuries alleged in the plaintiff's petition, then the plaintiff will be entitled to recover."

By these instructions the liability of appellant is made to depend upon its employment of the son without the father's consent and his consequent injury, without reference to the question of knowledge of the son's minority on the part of the company's agents or of any subsequent negligence.

There can be no question that, if the injury was the result of negligence, as alleged in the petition, the father was entitled to a judgment for damages for loss of service and incidental expenses accruing from the injury. (H. & G. N. R. R. Co. v. Miller, 49 Texas, 322.) We are also of opinion that where one knowingly engages a minor in a dangerous employment without the father's consent, and the minor is injured in such employment, he is responsible to the father for any consequent loss of the son's services to him. This is clearly decided by the Kentucky Court of Appeals in a recent case. (See Louisville, etc., R. R. Co. v. Willis, 21 Cent. Law Jour, No. 3, p. 57.)

This is the rule, when the minor is employed by another with the parent's consent, and without such consent is put by his employer at a more dangerous business and thereby receives an injury the father may recover (Railroad Co. v. Fort, 17 Wall., 553); and we can see no reason why one less stringent should be applied, in case the minor is knowingly engaged in a perilous occupation in the first instance against the parent's will. But the question arises as to the responsibility of the employer when he does not know of the minority of the person whom he employs.

This is the controlling question in determining the correctness of of the charge complained of in this case.

The fact is to be borne in mind that this is not a suit to recover of appellant the value of the services rendered by the minor. It is to recover for the loss of services and expenses, etc., resulting from the injury. The testimony shows the son's wages have been paid. A parent or master whose child or apprentice has been employed by another without his consent, may recover the value of his services, although the employer may not have known of the relation existing between them. This is founded upon the theory that the employer having received the services, there is an implied contract on his part to pay their value to the party to whom they belong. In Lightly v. Clanston, 1 Taunton, 112, Lord Mansfield says: "It is not competent for the defendant to answer that he obtained that labor, not by contract with the master, but by wrong, and therefore he will not pay for it."

The case approaches as near as possible to the case where goods are sold and money has found its way into the pockets of the defendant. (See also Foster v. Stewart, 3 M. & S., 191; Hill v. Allen, 1 Vesey, Sr., 83; Menton v. Hornsby, Id., 48; 1 Chitty Pl., 100; James v. LeRoy, 6 Johns, 273; Trengott v. Byers, 5 Conn., 480; R. R. Co. v. Showers, 71 Ind., 451.) In such a case the question of notice is not material. But where the father sues in tort, as for enticing away or harboring his minor child, the rule seems to be clearly established that he must aver and prove that the defendant knew of the minority. (Caughey v. Smith, 47 New York, 244; Butterfield v. Ashley, 2 Gray, 254; same case, 6 Cushing, 249; 6 Bacon's Abridgement, Master and Servant, O, p. 550; 2 Chitty's Pl., 645 and 646, n. 1.) This, in our opinion, is also the rule applicable to the case when the father sues for damages resulting to him from the employment of his son in a dangerous business without his consent. If the employer knows of the minority, it is his duty to ascertain whether the infant have a parent or be an apprentice, and, if so, to obtain the consent of such parent or the master before making the employment. If he does not, he acts at his peril.

But suppose the minor is approaching his majority and that his appearance does not indicate that he is under age, then is one who engages his services in a dangerous occupation to be held liable at all events for an injury resulting from that employment to one having an interest in his services of which he was wholly ignorant? We think not. The injustice of such a doctrine is

apparent. It is also contrary to a sound policy which should encourage the employment of those who must labor to live, and we have not found it supported by the authority of analogous cases.

We find nothing in the case of Louisville Railroad Company v. Willis to which we have been referred and which we have cited above, in conflict with the proposition, that before the employer can be held liable he must have notice that the son is a minor. The minor in that case was but sixteen years old, and the court in their opinion say: "The conductor knew from his appearance that he was under age, and he received him and used him."

In the case before us the son at the time of his employment by the appellant was over nineteen years of age, and we think it can not be assumed as a fact that his appearance would necessarily indicate his minority. Hence we think to enable the appellee to recover without proof of subsequent negligence on part of appellant, it should have been shown by direct evidence that the minor was known to the company's agents to be such, or that his appearance was such as necessarily to indicate that fact. The charge of the court, which is admirable for its clearness and brevity, authorizes the jury to find for plaintiff upon the mere fact of the employment and consequent injury, although the conductor may not have known the son was a minor. In this we think there was error, that calls for the reversal of the judgment.

The assignment that the court erred in not charging the jury upon the question of emancipation we think not well taken. The testimony showed that the son had, previous to his employment by the appellant, been engaged with the father's consent as a fireman on another railroad; and that he had regularly paid his wages to his father; and that on this occasion he left home without his father's consent. There is nothing to show that the father had given him his time or had turned him away to earn his own living in his own way. There being no fact proven from which the jury had the right to infer emancipation, it was not error to fail or refuse to charge upon the subject.

Because of the error in the charge pointed out above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 21, 1886.