### W. F. McGown v. International & Great Northern Railway Company.

#### No. 7387.

1. **Charge.**—Where there is testimony, although meager, tending to support a material issue, the issue should not be withdrawn from the jury.

2. **Action for Injuries Causing Death—Actual Damages.**—Article 2899, Revised Statutes, limits the recovery for "damages on account of injuries causing the death of any person" to actual damages; hence damages caused by grief or loss of society of the person killed are excluded. The damages contemplated are pecuniary and compensatory; the doctrine of nominal damages does not apply in such suits. See facts failing to show actual damages.

3. **Ratification.**—The retaining of a servant through whose alleged negligence injuries were caused in its service by a railway company, after it has been sued, when the alleged acts of negligence are denied by the servant, does not of itself constitute a ratification of the alleged act.

Appeal from Hays. Tried below before Hon. H. Teichmueller.

A statement of the testimony discussed is given in the brief for appellant. The opinion gives the nature and result of the suit.

*S. P. McBride* and *O. T. Brown*, for appellant.—Appellant's first and second assignments of error are as follows, viz.:

1. The court erred in its charge to the jury, in that it instructed the jury that the evidence in said cause is insufficient to sustain the material allegations in plaintiff's petition.

2. The court erred, in that it charged the jury to return a verdict in favor of the defendant upon the trial of said cause.

Appellant's first proposition under these assignments of error, which are considered together, is as follows:

The refusal of the court to submit the issues to the jury, and in directing a verdict for the appellee, is a fundamental error, as shown by the record.

*Uncontradicted Testimony.*—By the uncontradicted testimony, in which

there is no conflict, it is shown: That the deceased, Susan M. McGown, and plaintiff were husband and wife. That she was an invalid, in the last stages of consumption; had been in San Antonio for some weeks under medical treatment, and was in the act of returning from San Antonio to Kyle when the injuries were received, November 28, 1888. That on that day, she, accompanied by her husband, the plaintiff, was a passenger on defendant's passenger train from San Antonio, Texas, to Kyle, Texas. That on entering the train at San Antonio her feeble condition was made known to the servants and agents of defendant in charge of and operating the train, and they were informed that she was to leave the train at Kyle. That she travelled in a sleeping car. That she stood the trip well; did not lie down at all, but sat up throughout the journey. That on reaching Kyle, and which was a little after nightfall, the train was stopped for passengers to alight, and the car porter called out "Kyle" before the car stopped. That when the car stopped at Kyle, the porter took her wraps, and she arose from her seat midway the car, and immediately preceded by the porter, and immediately followed by the plaintiff, she walked to the car door and to the platform of the car, intending to get off. That the only means provided by defendant at Kyle to facilitate the act of alighting from the car, besides the car steps, was a footstool, placed upon the ground for that purpose. That a porter placed the footstool upon the ground for her to use in alighting. That she being afraid to undertake the descent without assistance, plaintiff took her in his arms, and, holding her in his arms, stepped carefully backward down the car steps, bearing her in his arms, intending to use the footstool in alighting. That just as he, holding her in his arms, was in the act of placing his foot upon the footstool for the final step in alighting, the cars were suddenly started, causing plaintiff to fall forward on the car steps, with his face towards the platform of the car, and causing his wife to be struck at the same time against the car steps and against the iron railing of the car. That he finally succeeded in removing her from the car, after this accident. Whereupon she complained of being sick, appeared to be in great pain, and asked to be laid down on the ground. That she was carried, at once, from the cars to a hotel, and laid in bed. That she immediately complained of great pain in her back and thigh. That plaintiff found a bruise about as large as his hand, and three inches wide, on her thigh; a bruise on her right side, near the small of the back, as large as his two hands; and a bruise on the right arm, which was bleeding. That the other two bruises were not bleeding, but were shown by dark discolorations. That she continued the whole night without sleep, and complaining of pain in her back and thigh where the bruises were. That the next morning she was placed on a bed in a vehicle, and carried about three miles away to a house, where she lay until she died. That from the moment of her removal from the

cars until her death, she never slept at all, but complained all the time, as long as she lived, of great pain in her back and in her bruised thigh. Plaintiff stated that he had never before heard her complain at any time of pain in her back and hip. No physician was sent for. There were at that time practicing physicians in Kyle and in San Marcos, nine miles from Kyle. She died on the 1st day of December, 1888.

There was some little discrepancy in the testimony of the witnesses as to the size of the bruises. She had been an invalid about six months. Dr. Herff stated that she was hopelessly diseased. That he saw her shortly before she left San Antonio. (This witness, Dr. Herff, was a witness for defendant. His testimony was by depositions; part of it was offered by the plaintiff.) That he thought she would not live long. That she lived about as long as he thought, when he saw her last, prior to her departure from San Antonio, she would live. But, on cross-examination, he said he thought it probable the injuries she afterwards received may have hastened her death.

*Conflicting Testimony.*—There was a conflict in the testimony as to where, and how long and how often, the cars stopped at Kyle on this occasion; plaintiff stating that the train was stopped three different times, the first time not over three-quarters of a minute, the second time not over half a minute. In both these particulars he is corroborated by the testimony of the witness Franks and the witness Moore. The evidence was conflicting as to the locality upon the depot grounds at which these several stops were made, and as to whether the train was stopped more than once. The testimony for plaintiff is, that deceased was hurt in the second stop, and that the car stopped then not longer than one-half of a minute.

The averments in the petition were, that the injuries were caused by the gross negligence of the defendant, its agents, and servants, and caused her death.

The court charged the jury, that the evidence was not sufficient to support the material allegations in the petition, and directed a verdict for the defendant. Verdict as directed, and judgment that plaintiff take nothing by this suit, and that defendant recover its costs of plaintiff. Railway v. Rushing, 69 Texas, 306; Owens v. Railway, 33 Am. and Eng. Ry. Cases, 524, and note 5; Railway v. Jones, 34 Am. and Eng. Ry. Cases, 417; Brown v. Railway, 54 Wis., 342; 2 Wood's Ry. Law, 1232, et seq., and notes. As to expressions of pain: Railway v. Shafer, 54 Texas, 641.

*W. O. Hutchison* and *Thomas H. Franklin,* for appellee.—If it be conceded that the death of plaintiff's wife resulted from injuries received by her as alleged in plaintiff's petition, yet it affirmatively appears from the evidence that she would not have lived any longer than she did had she not been injured; that when injured she was in the last stages of con-

sumption and in a dying condition, and therefore plaintiff has suffered no pecuniary loss by reason of her death, and if entitled to recover any damages in this case said damages would only be nominal; the lower court would have no jurisdiction of the only amount that could be in controversy in this suit, and it was no error for the court to instruct the jury to render a verdict for defendant. Railway v. Lee, 7 S. W. Rep., 857; Galveston v. Barbour, 62 Texas, 174; Railway v. Ormond, 64 Texas, 490; Railway v. Cowser, 57 Texas, 293; Railway v. Nixon, 52 Texas, 19; Railway v. Spicker, 61 Texas, 427; Brunswig v. White, 70 Texas, 504; Railway v. Kindred, 57 Texas, 494; Railway v. Winnt, 11 S. W. Rep., 908; Railway v. Stewart, 71 Ga., 427; Railway v. Bruison, 64 Ga., 479; Railway v. Thomas, 68 Ga., 744; Railway v. Neeley, 56 Ga., 543; Railway v. Lett, 26 Am. and Eng. Ry. Cases, 454; Railway v. The State, 21 Am. and Eng. Ry. Cases, 202; Railway v. Smith, 15 Am. and Eng. Ry. Cases, 469; 7 Am. and Eng. Ry. Cases, 32, note; 3 Suth. on Dam., 280; 2 Thomp. on Neg., 1289.

TARLTON, JUDGE, *Section B.* — W. T. McGown, appellant, as the surviving husband of Susan M. McGown, instituted this suit against the appellee company in the District Court of Hays, on December 13, 1888. Appellant sought to recover the sum of $20,000 as actual and $20,000 as exemplary damages for personal injuries received by his wife, resulting, as he alleges, in her death.

The defendant's answer consisted of a general demurrer, general denial, a special plea that the injury, if any, was due, not to the negligence of the defendant, but to that of the sleeping car company, its agents, or servants, in no way the agents or servants of the defendant; and finally a plea charging contributory negligence. The court sustained a special exception to the plea setting up the negligence of the sleeping car company, overruled the defendant's general demurrer, and on the trial, which occurred September 6, 1889, instructed the jury to return a verdict for the defendant, which was accordingly done.

We have only to consider this question: Was the court, under the facts, justified in instructing the jury, that " the evidence is insufficient to sustain the material allegations in the plaintiff's petition," and that they would return a verdict in favor of the defendant?

To make out a case it was incumbent on the plaintiff to establish by a preponderance of evidence, (1) that the death of his wife was caused by the negligence of the defendant, its agents, or servants; (2) that he was thereby actually damaged; or (3) that he was entitled to exemplary damages.

1. Was the death of Mrs. McGown due to the negligence of the defendant, its agents, or servants? We find it unnecessary to detail the

facts bearing on this question. It suffices to say, that while very meagre, they were such as to have required a submission of the question to the jury, if it alone had been involved.

2. If the death of the lady was due to the negligence of the defendant, was the plaintiff thereby actually damaged? The character of action here brought by the plaintiff is purely statutory. Independent of the statute, such an action could not lie in any state of facts. This statute (article 2899, Revised Statutes) limits the recovery to *actual* damages. Hence the idea of damages as "solatium," or for sentimental reasons, such as one caused by grief or loss of society, is excluded. The damages contemplated are purely pecuniary and compensatory. They rest upon considerations such as the value of the services or the advantage in money reasonably to be expected by the survivor, if the deceased had lived. 7 Am. and Eng. Ry. Cases, 32, note. In this case there was no proof whatever of these elements of damage. It did not appear from the evidence that the services of Mrs. McGown were of any value to the appellant, or that he had any expectation of pecuniary benefit from her. On account of the purely statutory character of the action, the doctrine of nominal damages must be held not to apply.

3. Was the plaintiff entitled to exemplary damages? To justify such a recovery it must appear, that the death was due to the "willful act or omission or gross negligence" of the corporation itself, or of its officers; or, if the act or negligence was that of a mere servant or employe, however willful or gross, that it was subsequently ratified by the corporation. Rev. Stats., art. 2901; Railway v. McDonald, 75 Texas, 41. Appellant here charges ratification, because the employes were retained in its service by the company after service of the petition averring gross negligence on the part of the conductor. The truth of this petition was denied by the conductor. The retaining of a servant in its service by the corporation after it has been cited to answer a petition, the allegations of which, charging gross negligence, are denied by the servant, will not of itself constitute ratification.

On account of the entire absence of proof of damages, actual or exemplary, the court was correct in giving the charge complained of. The judgment should be affirmed.

*Affirmed.*

Adopted June 21, 1892.