Sarah **DANIELS** et al., Independent Executors, Appellants,

v.

Mary **CONRAD** et al., Appellees.

No. 15529.

Court of Civil Appeals of Texas.

Dallas.

Nov. 20, 1959.

Rehearing Denied Jan. 29, 1960.

Wm. Andress, Jr., Dallas, for appellant.

Speck, Johnson, Carlton & Alexander, Dean Carlton, Dallas, for appellees.

YOUNG, Justice.

Rule 418, Texas Rules of Civil Procedure provides that that appellants' brief "should contain * * * a short, plain statement of the nature of the case without argument." The preliminary statements of appellants are not in conformity with the Rule. They are highly argumentative and partisan to which appellees reply in kind.

In consequence we must rely largely upon pleading of the parties for background of points hereinafter discussed.

The suit of Robert Daniel (now deceased) against his sisters Mary Conrad and Marjorie Winn comprehended two charges of malicious prosecution; mental anguish suffered perforce of their maliciously concealing the whereabouts of his mother Beulah Daniels during her last days; willful detention of his automobile, along with lesser allegations of damages. On pretrial the court had sustained special exceptions in effect to all causes of action other than for detention of car. A judgment of dismissal was ordered with respect to these several counts on plaintiff's refusal to amend, with exceptions taken; the parties then proceeding to trial on the latter phase of said litigation. A jury finding of $300 as damages for loss of use of the Daniel Ford car was disregarded on motion of appellees non obstante veredicto and judgment rendered for defendants on dual grounds of limitations and no evidence in support. The motion of plaintiffs for new trial was then overruled and appeal taken.

The original petition of Daniel was filed in August of 1955, and the case tried on Third Amended Petition filed in July 1957. Petitioner Daniel died in Fall of 1957; with independent executors William Andress, Jr., Sarah Daniels and A. M. Pate, Jr., substituted as parties plaintiff. The suit was heard and final judgment rendered in May 1958.

Material to appellants' points 1 through 4 are their two counts of malicious prosecution; "2. Mary Conrad and Marjorie Winn are sisters of plaintiff Robert N. Daniel, and for a period of about one year prior to her death kept their mother, Beulah Daniel, in the physical possession of one or both of themselves at substantially all times, not letting her out of the presence of one of them, and because of the fact that she was aging and feeble, they coerced and influenced the late Beulah Daniel to act in accordance with their wishes and desires. In

their attempt to influence their mother against plaintiff, all three defendants concerted together to impress upon her that plaintiff was crazy, and when he was taken ill in March of 1954 they placed him in the Schwenkenberg mental sanitarium, without advising Beulah Daniel that it was a mental sanitarium, and then subsequently told her that he had been confined for lunacy, and thereupon persuaded her, in the Fall of 1954, to file lunacy charges against the plaintiff, which they kept pending for a number of months, spreading word of the pendency thereof among numerous relatives, friends and acquaintances, including Henry B. Daniel, Mrs. R. H. Dearing, Joe E. Davis, Mrs. Evelyn DeLee Scott, and other persons unknown to this plaintiff, but well known to the defendants, in order to damage the plaintiff and humiliate him and keep him from securing employment, but when the case finally came on for trial, no witnesses appeared against him, and he was adjudicated not to be of unsound mind. Such action was instituted at the instance of the defendants, and was done maliciously and with intent to harm and damage plaintiff, and without intent of prosecuting said proceedings to judgment, and therefore constituted malicious prosecution. By reason of such malicious prosecution plaintiff has suffered damage. Plaintiff says that his damages by reason of such malicious prosecution amount to $15,000.00. * * * 3. On December 13, 1954, defendants induced Beulah Daniel to file cause No. 98211 entitled Beulah M. Daniel vs. Robert N. Daniel, alleging that this plaintiff was a chronic alcoholic addicted to barbiturates who had carried on a course of misconduct consisting of repeated acts of violence, wickedness, and incivility toward his mother, threatening her life and well-being, and preventing her from taking necessary insulin and otherwise insulting her, and asking an injunction against this plaintiff from seeing his mother. Although said cause was pending upon the docket of the Court for more than eight months, during all of which this plaintiff as defendant

therein tried to get the case set for trial and to have his mother produced in Court in person to determine whether she would testify publicly and under oath to any wrongful acts on his part against her when she was not under the influence of the defendants, the defendants secreted her from the processes of law and refused to produce her, so that finally judgment was entered in that case in favor of this plaintiff. Meanwhile, the defendants herein circulated to the persons named in the preceding paragraph the statements contained in said petition, well knowing them to be false, and did so maliciously with intent to harm and damage this plaintiff. Such action constituted malicious prosecution, and plaintiff has suffered damage as a result thereof. Plaintiff says that his damages amount to the sum of $15,000."

The trial court sustained the following exceptions directed to the foregoing paragraphs 2 and 3 of amended petition: "(f) To the allegations 'By reason of such malicious prosecution plaintiff has suffered damage. Plaintiff says that his damages by reason of such malicious prosecution amount of $15,000.00.' for such allegations are not more than conclusions of law and no facts whatever are set out to support such conclusions. (g) To the entire paragraph 2 for the reason there is no allegations of fact concerning the elements of damage and none are supplied in the remainder of the petition. * * * (d) To the allegation 'and Plaintiff has suffered damage as a result thereof, Plaintiff says that his damages amount to the sum of $15,000.00.' for the reason same is a pure conclusion without allegation of fact to support any element of damage. (e) To the entire paragraph 3 for the omission of any allegations of fact regarding damages which would fairly apprise your defendants of what plaintiff complains." Here it will be noted that the quoted exceptions relate solely to the $15,000 allegation of damages that concludes each count; being sustained as not alleging sufficient elements of damage on which to

predicate their general conclusion of a "$15,000.00" damage in each instance.

The points of appellants complaining of above Court rulings will be considered together, but must first be quoted: *"First Point:* An allegation that by reason of malicious prosecution of lunacy proceedings plaintiff has suffered damage which is in the amount of $15,000.00, is sufficient pleading against a special exception that it is a legal conclusion with no facts pleaded to support it. *Second Point:* An allegation that by reason of malicious prosecution of injunction proceedings against him plaintiff has suffered damage which is in the amount of $15,000.00, is sufficient pleading against a special exception that it is a legal conclusion with no facts pleaded to support it. *Third Point:* A paragraph pleading that defendants conspired to confine plaintiff under a groundless lunacy complaint which they did not prosecute, done maliciously and with intent to harm and damage plaintiff and without intent to prosecute, and spreading word of the pendency among friends and relatives in order to damage and humiliate him and keep him from securing employment, states all of the necessary elements of a cause of action for malicious prosecution, and is sufficient pleading against a special exception that there are no allegations of fact concerning the elements of damage. *Fourth Point:* A paragraph pleading that defendants conspired to induce their mother to secure an injunction against her son, the plaintiff herein, to keep him from seeing her, upon allegations of chronic alcoholism, addiction to barbiturates, and violent conduct toward their mother, which action was never brought on for trial or any hearing of the truth of the allegations, which were circulated by defendants maliciously among their friends and relatives with intent to harm and damage plaintiff, is sufficient pleading of malicious prosecution against a special exception that it omits any fact allegation of damages which would fairly apprise defendants of what plaintiff complains."

■ Rule 45, T.C.P. provides that a petition shall "consist of a statement in plain and concise language of the plaintiff's cause of action * * *. That an allegation be evidentiary or be of legal conclusion shall not be a ground for objection when fair notice to the opponent is given by the allegations as a whole." Manifestly the contents of Counts 2 and 3 above comprehend fair notice to defendants, under the test given by McDonald in his work on Civil Practice, page 486, Section 5.05 of "whether an opposing attorney of reasonable competence, could with the pleading before him, ascertain the nature and the basic issues of the controversy and the testimony which will probably be relevant." Indeed, as already pointed out, the exceptions of appellees are confined to a claimed fatal defect of pleading in that the elements making up any general conclusion of damage are not supplied.

■ In 28 Tex.Jur. Malicious Prosecution, Section 24, page 485, it is stated under the heading of "Averments as to Damages", that "The damages claimed must be alleged. A general allegation of damages will admit proof and warrant the recovery of such damages as naturally and necessarily resulted from the wrongful act complained of; the law implies damages of that sort, and proof is necessary only to show their extent and amount."

■ Relevant here are these further statements of principle: (1) "The gist of an action for malicious prosecution is that the plaintiff has improperly been made the subject of legal process to his damage. The essential element for such an action is a malicious prosecution of some legal proceeding without cause before some tribunal, and that such proceeding results favorably to the plaintiff. * * *." Daughtry v. Blanket State Bank, Tex.Civ. App., 60 S.W.2d 272, 273. (2) "The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits with malice and with-

out probable cause, unless the party sued suffers some interference by reason of the suits with his person or property. Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153." Panhandle Compress & Warehouse Co. v. Best, Tex.Civ.App., 58 S.W.2d 140, at page 141. And so, in the case at bar a charged malicious and unwarranted filing and prosecution of lunacy proceedings (with restraint, etc.) resulting favorably to the accused would appear to authorize a suit for malicious prosecution under the stated Rule as an interference with his "person or property". As for elements of damage, the allegations concerning circulation of pendency of lunacy proceedings by defendants among plaintiff's numerous relatives, friends and acquaintances, including named parties, "in order to damage the plaintiff and to humiliate him and to keep him from securing employment" are deemed sufficient. Appellants' four points under consideration are sustained; our ruling likewise being applicable to the second count of malicious prosecution—the injunction proceedings. In this connection, the allegations that "defendants herein circulated to the persons named in the preceding paragraph the statements contained in said petition, well knowing them to be false and did so maliciously with intent to harm", etc., appears to more properly relate to the field of libel and slander (actionable defamation) rather than of malicious prosecution. Be that as it may, the count meets the test of interfering with plaintiff's person or property; stating at least a prima facie case for nominal damages, and within the Rule stated in McDonald, Civil Practice, Sec. 6.17, p. 578; that "if the plaintiff's claim is one wherein nominal damages would be awarded in the absence of actual harm, but the plaintiff desires to offer evidence of general damages, he is required only to set forth circumstances showing his right and the defendant's wrongful act or omission, and to follow this with a general ad damnum clause setting forth the extent of the claimed damage."

A further count of the Third Amended Original Petition alleged: "4. Although plaintiff had at all times been a dutiful son and had assisted in the care and maintenance of his mother, during the last months of her life and while she was in poor health, the defendants secreted and concealed her from this plaintiff and refused to permit him to see her, and even in the serious illness which resulted in her death on or about 18 August, 1955, the defendants withheld the knowledge of her serious condition from the plaintiff, and refused to permit him an opportunity to see his mother before her death, and they have refused to give him any information as to the nature of her illness, the cause of her death, or any other facts concerning her death, and that such actions have been malicious because the defendants know that the plaintiff suffers from a heart condition and they are deliberately attempting to harass and injure him, and to cause him mental anguish. By reason thereof plaintiff has been damaged in the sum of $10,000.00." And to said pleading the trial court sustained a special exception: "* * * for the reason that same states no cause of action, in that no duty to inform plaintiff of anything is alleged nor does any such duty exist in law, and that the allegations in such paragraph are the same as before stricken thrice before by this Honorable Court."

Appellants' point 5 in such connection reads: "A paragraph stating that defendant concealed and secreted their mother during her last nine months of failing health resulting in her death, from her only son who had looked after her for years, plaintiff herein, and with defendants' knowledge of his heart condition, in a malicious attempt to harass and injure him and cause him mental anguish, and alleging that they refused to give him any information as to her condition or the cause of her death, states a cause of action against a special exception that it states no cause of action in that no duty

to inform plaintiff of anything is alleged nor does any such duty exist in law."

By above point, appellants seek to expand the moral obligation of these sisters (implicit therein) into a legally compensable wrong; i. e. a tort arising out of the family relationship. Such a "new" variety of action, in concept and principle, appears to have been approved in Daily v. Parker, 7 Cir., 152 F.2d 174, 162 A.L.R. 819; but a contrary view has been expressed by one Texas Appellate Court at least. See Garza v. Garza, Tex.Civ.App., 209 S.W.2d 1012. Suffice it to say however that the damages here claimed are based in our opinion on allegations or no more than mental anguish and suffering. The exception was properly sustained. Harned v. E-Z Finance Co., 151 Tex. 641, 254 S.W.2d 81.

In pleading filed by Robert Daniel on November 28, 1956, as a further claim against defendants he alleged that in December 1954 they had secreted his automobile (1949 or 1950 model Ford) over a period of 60 days depriving him of its use, which was $5 per day, or an aggregate damage of $300. The jury answer was in that amount as "the reasonable value of the use of the automobile in question of Robert Daniel during the time he was deprived of the use of same in the year 1954." Also the jury's answer was "on or about October 14, 1954," to issue 4 asking "on what date from a preponderance of the evidence was the automobile in question stored by Marjorie Winn." As already stated, on motion of defendants this jury finding was disregarded on ground either of limitation or lack of sufficient evidence in support; plaintiffs duly excepting. Points complaining of such court ruling are quoted: (6) "The Two Year Statute of Limitations has not run as a matter of law when, within two years of discovery of the identity of the sister who seized and hid his car for several weeks, and within two years of its return under such circumstances as to conceal the identity of the taker by parking it in a public garage and sending the ticket through attorneys, an action is filed for loss of use of the car. * * * (7) When defendants in a jury trial did not request an issue on limitation based on anonymous taking of an automobile more than two years before filing, when there was evidence of its anonymous return within two years and discovery of the identity of the taker some months later, it was waived, and the Court could not base a judgment for defendants thereon."

Art. 5526, Vernon's Ann.Civ.St. provides in part: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all action or suits in court of the following description: 1. Actions of trespass for injury done to the estate or the property of another. 2. Actions for detaining the personal property of another, and for converting such property to one's own use. * * *".

Defendant Marjorie Winn testified in substance that on instruction of her mother she took the car of Robert Daniel from his home on Avondale and concealed it for some two months in a private garage some distance away; returning it by delivery to a public garage with parking ticket turned over to a named attorney; that she never did tell Robert Daniel what she had done with his car although she knew he was trying to get it back and was inquiring about it. Referring to Daniel she further stated: "Q. Do you know whether or not during that period of time he was looking for his car and trying to find it? A. He was asking mother all the time—telling her, rather, that he wanted that car back. * * * Q. You heard him inquiring about his car? A. I heard him badgering mother about his car." In such connection there was testimony from this witness of excessive drinking on part of Robert Daniel during the period from 1950 through 1954.

■ Admittedly more than two years had elapsed from date of taking of car and filing of the Daniel claim of damages for loss of use. Appellants in answer to the two year plea of limitations say that until September 1955 upon taking of depositions Daniel had no knowledge and by exercise of reasonable diligence had been unable to learn who had deprived him of its use. Appellants assert that they were precluded from offering evidence as to this because of the death of Robert Daniel prior to the trial; pointing to the testimony of Mrs. Marjorie Winn that she never told Daniel about secreting his car as conclusive of his lack of knowledge. The damage from loss of use of car having begun on date of taking (October 14, 1954,) in order to toll the Statute it was nevertheless the burden of appellants to establish factually that Daniel did not discover nor in the exercise of reasonable diligence could have discovered the identity of the one detaining his car until such later date; and in the absence of such showing the claim in question was subject to limitation as pled by appellees.

■ But appellants contend that their action is not for conversion of car but for loss of its use, the damage not being fully determinable until the car had been returned—a time within the two year period. The same argument was unsuccessfully made in Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S. W.2d 336, 338, a case involving wrongful discharge of water upon respondent's land and accrual of his right of action as against the defense of limitation. We quote from that opinion: "Respondent's cause of action accrued at the time petitioner began wrongfully discharging the water on the land, and not on the date when the extent of the damages to the land were fully ascertainable. * * * Admitting that the greater part of the damage did not occur until within two years next preceding the filing of suit, the fact does not alter the rule which we have concluded is controlling of this case."

Points six and seven are overruled, rendering unnecessary a consideration of point eight on sufficiency of evidence to support the $300 jury finding.

Appellants' points one through four having been sustained, the court's judgment on that phase of this litigation will be reversed and remanded; otherwise the judgment under review is affirmed.

Affirmed in part; reversed and remanded in part.