Jody Dawkins FENSLAGE,
Plaintiff–Appellee,

v.

Donald Ray DAWKINS et al.,
Defendants,

F. H. Dawkins et al.,
Defendants–Appellants.

No. 78–3084.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1980.

Jim B. Brown, Canyon, Tex., for defendants--appellants.

Whittenburg, Whittenburg & Schachter, Cary Schachter, Amarillo, Tex., for plaintiff—appellee.

Before SIMPSON, HILL and HATCHETT, Circuit Judges.

SIMPSON, Circuit Judge:

This diversity action was brought in the district court by appellee Jody Fenslage, the mother of two minor children. She alleged that the appellants, various relatives of her ex–husband, conspired with her ex–husband to take and conceal her children from her and intentionally inflicted mental anguish upon her by committing certain acts. The jury found that appellants committed these acts and the district court awarded $65,000 compensatory damages and individual punitive damage awards totaling $65,000.

Appellants attack the judgment below on several grounds: 1) that under Texas law a mother is not entitled to recover for mental anguish occasioned by the absence of her children; 2) that the district judge erred by submitting certain special verdict issues to the jury; 3) that one special verdict issue was prejudicial in that it was vague; 4) that the district judge erred by refusing one of defendants' requested jury instructions; 5) that the evidence was not sufficient to support the verdict; and 6) that the damage awards were excessive. We find no reversible error and affirm.

The mother and father divorced in 1975 after twelve years of marriage. Under the divorce decree the mother had legal custody over their two children. In the summer of 1976 the mother was living in Arizona and the father was living in Texas. They both agreed that the children would spend the summer with their father and thereafter return to the mother in Arizona. Instead of sending the children home at summer's end the father fled to Canada with them.

The father and the father's parents, brother, sister and nephew were defendants below. A default judgment was entered against the father, but he is not a party to this appeal. The jury found, by way of special verdict, that the appellants committed the following acts:

They conspired to take and keep the children out of Texas knowing that the taking was in violation of a Texas state court custody order. In the process of keeping the children outside the state each defendant actively concealed the children's whereabouts and interfered with the mother's efforts to locate the children. All except appellant Johnson (the nephew) gave false testimony under oath in state court proceedings and aided the father's efforts to keep the children from their mother by providing him with financial and other support. These acts were committed intentionally and it was reasonably foreseeable that the acts would result in the mental anguish that the mother suffered.

The district judge entered judgment in accordance with the jury's findings. The defendants were found jointly and severally liable to the mother for $65,000 in compensatory damages. Additionally, the district judge assessed exemplary damages against the defendant father, his parents, his brother, and his sister, in the amounts of $25,000, $15,000, $10,000 and $15,000 respectively.

█ Although one Texas case has held that a father is entitled to recover the value of his minor son's services from the person who entices the child to leave the father's custody, no Texas court has considered whether mental suffering damages are recoverable against those who wrongly take a child from the legal custody of the parent. *See Gulf, C. & S. F. Ry. Co. v. Redeker*, 67

Tex. 190, 2 S.W. 527 (1886). However, the Restatement Second of Torts explicitly recognizes the tort:

> One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent.

Restatement (Second) of Torts § 700 (1977). The comments to the Restatement reveal that mental anguish damages are recoverable:

> The parent can recover for the loss of society of his child and *for his emotional distress resulting from its abduction or enticement.* If there has been a loss of service or if the child, though actually not performing service, was old enough to do so, the parent can recover for the loss of the service that he could have required of the child during the period of its absence. He is also entitled to recover for any reasonable expenses incurred by him in regaining custody of the child and for any reasonable expenses incurred or likely to be incurred in treating or caring for the child if it has suffered illness or other bodily harm as a result of the defendant's tortious conduct.

*Id.* at § 700 comment g (emphasis added). We are persuaded that the Texas Supreme Court would follow the principles set forth in the Restatement.[1]

---

1. *Garza v. Garza*, 209 S.W.2d 1012, 1015 (Tex. Civ.App.1948) held that children in Texas do not have a cause of action against a person who causes their father to leave them. *Daniels v. Conrad*, 331 S.W.2d 411, 416–17 (Tex.Civ. App.1959) held that a grown son was not entitled to damages from his sisters who prevented him from seeing his mother. Appellants argue, conversely, that a mother, having legal custody over the child, has no cause of action against those who intentionally deprive her of the society of the child. We cannot agree. The Restatement (Second) of Torts is consistent with *Garza* and *Daniels*. Comment b to section 702A states that the majority of the cases considering the issue have held that one who compels or induces a parent to leave or not return to his minor child is not liable in tort to the child. *Id.* at § 702A, comment b. *Compare id.* at § 700.

Appellants also can gain no relief from cases which hold that damages are not recoverable for mental suffering under the Texas Wrongful Death Act. *See e. g., Banker v. McLaughlin*, 200 S.W.2d 699, 702 (Tex.Civ.App.1947), *aff'd*, 146 Tex. 434, 208 S.W.2d 843; *Jasper County Lumber Co. of Tex. v. McMillan*, 188 S.W.2d 731, 732 (Tex.Civ.App.1945). A wrongful death action is a purely statutory creation and damages are limited to those specifically allowed in the statute. *See International & G. N. Ry. Co. v. McVey*, 99 Tex. 28, 87 S.W. 328, 329 (1905); *McGown v. International & G. N. Ry. Co.*, 85 Tex. 289, 20 S.W. 80, 81 (1892). The Texas statute limits damages to pecuniary loss. *Id.* Common law principles govern the instant case and the common law has no such limitation. *See McGown, supra.*

■ The jury found that appellants were members of a conspiracy whose purpose was to take and keep the children from the mother. Texas law defines a civil conspiracy "as a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex.1968), quoting *Great National Life Insurance Co. v. Chapa*, 377 S.W.2d 632, 635 (Tex.1964). The instant case satisfies either definition. The unlawful means were false testimony under oath and violation of court orders. The unlawful purposes were violation of the custody decree, violation of the Texas Penal Code [2] and the tortious act of taking and keeping children from the parent who has legal custody over them.

■ A Texas plaintiff may recover damages that naturally flow from a civil conspiracy. *St. Louis & Southwestern Ry. Co. v. Chapa*, 102 Tex. 89, 113 S.W. 144, 146 (1908). Exemplary damages and damages for mental anguish are recoverable against civil conspirators in the proper circumstances. *Id.* at 89, 113 S.W. at 146. Apparently the mother suffered only mental anguish damages. However, the wrongs committed in the instant case fall within the Texas rule "that damages are recoverable for mental suffering unaccompanied by physical suffering when the wrong complained of is a willful one intended by the wrongdoer to produce mental anguish or from which such result could be reasonably anticipated as a natural consequence." *Stafford v. Steward*, 295 S.W.2d 665, 667 (Tex.Civ.App. 1956). *See also Davidson v. Lee*, 139 S.W. 904, 907 (Tex.Civ.App.1911). *Compare Billings v. Atkinson*, 489 S.W.2d 858, 860–61 (Tex.1973) (holding that invasion of privacy is a "willful tort which constitutes a legal

injury" and that therefore damages for mental suffering are recoverable without a showing of actual physical injury) *with* Restatement (Second) of Torts § 700, comment d (1977) ("The deprivation to the parent of the society of the child is itself an injury that the law redresses [without showing loss of service]."). The district court did not err by allowing exemplary and mental suffering damages in the instant case.

■ Appellants next contend that the district judge committed reversible error by submitting four special issues to the jury. These issues required the jury to determine whether appellants concealed knowledge of the children's location, interfered with the mother's efforts to locate the children, gave false testimony under oath concerning the children's location, aided the father in taking and keeping the children out of the state, and whether these actions were the reasonably foreseeable proximate cause of the mental anguish suffered by the mother. In a civil conspiracy case it is appropriate to prove the existence of acts in furtherance of the conspiracy agreement. *E. g., Rowland v. State*, 55 S.W.2d 133, 135 (Tex.Civ. App.1932); *Vittitoe v. Junkin*, 54 S.W.2d 166, 167 (Tex.Civ.App.1932). The acts that were the subject of the special issues objected to were patently acts in furtherance of the alleged conspiracy. Each defendant was liable for his own acts and for acts committed by his co–conspirators in furtherance of the conspiracy. *E. g. State v. Standard Oil Co.*, 130 Tex. 313, 107 S.W.2d 550, 559 (1937); *Logan v. Barge*, 568 S.W.2d 863, 868 (Tex.Civ.App.1973). It was therefore proper to submit these issues to the jury under the civil conspiracy theory of the case. Accordingly, any error in submitting the special issues to the jury under the theory of intentional infliction of mental anguish as an independent tort was harm-

---

**2.** Section 25.03 of the Texas Penal Code provides: that "[a] person commits an offense if he takes or retains a child younger than 18 years out of this state when he . . . knows that his taking or retention violates a temporary or permanent judgment or order of a court disposing of the child's custody . . . ." Tex.Penal Code Ann. tit. 6, § 25.03 (Vernon 1976). Sec-

tion 7.02 provides that "[a] person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense . . . . *Id.* at tit. 2, § 7.02.

less. *See Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex.1967) (holding that a plaintiff may not recover for intentional infliction of mental anguish unless there is physical injury or the mental anguish results from an independently actionable tort).

Appellants' remaining arguments are of little merit. There is no vagueness in an instruction requiring the jury to determine the damage caused by the defendants' acts. We have reviewed the record and find that the evidence was sufficient to support the jury verdict. Appellants argue, without citation of authority, that the district judge committed reversible error by refusing to instruct the jury that the mother must prove that a conspiracy existed prior to the date the complaint was filed and that the jury could not consider evidence of acts occurring after that date unless they first determined that a conspiracy existed prior to the date the complaint was filed. We are not aware of any such rule of law. The requested instruction is confusing at best. Texas courts allow great latitude in proving the conspiracy. Every circumstance that tends to illuminate the facts is a legitimate item of evidence. *E. g., Foster v. Wagner,* 337 S.W.2d 485, 493 (Tex.Civ.App.1960), *rev'd on other grounds,* 161 Tex. 333, 341 S.W.2d 887; *Allison v. Simmons,* 306 S.W.2d 206, 211 (Tex.Civ.App. 1957). There was no error in denying the requested instruction. Finally, the exemplary damage awards were not excessive as a matter of law because they are not "so large as to show 'passion or prejudice' or so large as to 'shock the conscience'." *Wiley v. Stensaker Schiffahrtsqes,* 557 F.2d 1168, 1171 (5th Cir. 1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792, *quoting Fruit Industries, Inc. v. Petty,* 268 F.2d 391 (5th Cir. 1959), *cert. denied,* 361 U.S. 915, 80 S.Ct. 261, 4 L.Ed.2d 186.

The judgment of the district court is correct and is

AFFIRMED.