Bobby OGLESBY, Appellant,

v.

Ronan Dale SILCOTT, Appellee.

No. 12–85–131–CV.

Court of Appeals of Texas, Tyler.

April 30, 1986.
Rehearing Denied May 22, 1986.

Trey Yarbrough, Conner & Gillen, Tyler, for appellant.

Jerry Bain, Bain, Files, Allen & Caldwell, Tyler, for appellee.

COLLEY, Justice.

Ronan Dale Silcott, plaintiff/appellee, brought suit against Bobby Oglesby, de-

fendant/appellant, on November 4, 1981, alleging that Oglesby "absconded and kidnapped the child of petitioner," and took control of the child to the exclusion of Silcott. Silcott's petition alleged "mental pain and suffering" and emotional injury, and that Oglesby's retention of the child was willful, malicious and without justification or excuse. Silcott sought actual and exemplary damages by his suit. Trial was to a jury who found that Oglesby "took or retained" possession of the child "in violation of the court's order and/or the possessory rights to the child by [sic] ... Silcott" which proximately caused damages to Silcott. The jury awarded $100,000 actual damages and $50,000 in exemplary damages. The trial court entered judgment on the verdict. We reverse the judgment below and dismiss the cause.

Oglesby presents five points of error. By his first point, Oglesby contends that the cause of action for damages asserted against him by Silcott was nonexistent in 1981 at the time of the occurrence of Oglesby's alleged conduct, and therefore the court erred in overruling his motion for instructed verdict and his motion for judgment n.o.v. Silcott argues that his suit is based on a recognized tort action, citing 67A C.J.S. *Parent and Child* § 130 (1978); W. Prosser & P. Keeton, *The Law of Torts,* § 103 (5th ed. 1984) and the *Restatement (Second) of Torts* § 700 (1977).[1]

Silcott also cites *Fenslage v. Dawkins,* 629 F.2d 1107 (5th Cir.1980), and its discussion of the *Restatement* rule as supporting his claim that a cause of action exists in Texas. In *Fenslage,* a diversity action, the United States District Court, based upon a jury verdict, awarded actual and exemplary damages to a mother who brought suit against her ex-husband and certain of his relatives alleging a civil conspiracy on the part of the defendants to take and conceal the whereabouts of her two minor children. The jury found in favor of the mother on the conspiracy issue[2] and specifically found that the defendants (1) actively concealed the children's whereabouts; (2) interfered with the mother's efforts to locate the children; (3) gave false testimony under oath concerning the children's location; (4) aided the father's efforts to keep the children from their mother; and (5) that such actions were a reasonably foreseeable proximate cause of the mental anguish suffered by the mother. The Fifth Circuit affirmed the judgment saying, "[w]e are persuaded the Texas Supreme Court would follow the principles set forth in the Restatement." Acknowledging that no Texas court had considered whether mental suffering damages are recoverable in such cases, the Fifth Circuit cited *Gulf, C & S.F. Ry. v. Redeker,* 67 Tex. 190, 2 S.W. 527 (1886). In *Redeker,* the Texas Supreme Court stated the rule that a father was entitled to recover the value of his son's services from one who enticed the child to leave the father's custody. *Fenslage* was randomly cited by Supreme Court Justice, C.L. Ray, in his concurring opinion in *Marshall v. Wilson,* 616 S.W.2d 932, 934 (Tex. 1981). *Marshall* involved a petition for mandamus to compel a district judge to grant petitioner's application for writ of habeas corpus requiring her child's father to deliver the child to her pursuant to the provisions of Texas Family Code § 14.10.[3] Justice Ray's reference to *Fenslage* was incidental to his statement, "I would further discourage child snatching by joining those jurisdictions which in damage suits have awarded compensatory and punitive damages for the wrongful [sic] abduction of children from the one who has lawful custody." *Id.* (quoting the text of the *Restatement (Second) of Torts* § 700 (1977)).

---

**1.** Section 700 of the *Restatement (Second) of Torts* reads:

> One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent.

**2.** Including a violation of Tex.Penal Code Ann. § 25.03 (Vernon 1976).

**3.** Act of June 15, 1977, ch. 508 § 1, 1977 Tex. Gen.Laws 1290, 1291.

Oglesby correctly argues that while sections 36.01 through 36.08 of the Texas Family Code,[4] which became effective September 1, 1983, provide a statutory cause of action for "interference with child custody," the statute does not operate retroactively.[5] Silcott makes no contention to the contrary. Although the tort alleged is recognized in many jurisdictions and by the American Law Institute's *Restatement (Second) of Torts*, Oglesby also argues that the cause of action alleged against him by Silcott did not exist under the Texas common law rules of decision at the time this suit was filed and at the times his conduct was alleged to have occurred. It is well established that the common law rules of decision in effect in this state[6] are those adopted by our Supreme Court. *Southern Pac. Co. v. Porter*, 160 Tex. 329, 331 S.W.2d 42, 45 (1960). Stated another way, " 'the common law of England' adopted by the Congress of the republic, was that which was declared by the courts of the different states of the United States." *Grigsby v. Reib*, 105 Tex. 597, 153 S.W. 1124, 1125 (1913). "[T]he common law, as has been aptly said, is a system of principles, and not a collection of arbitrary rules. The common law claims to be the perfection of reason, and it is one of its maxims that where the reason ceases the law ceases;...." *Welder v. State*, 196 S.W. 868, 870 (Tex.Civ.App.—Austin 1917, writ ref'd). *See also* 15A C.J.S. *Common Law* § 2 (1967). The declaration and development of the common law represents the efforts of the courts of the various states "to ascertain what is right and just between individuals with respect to private disputes." 15A C.J.S. *Common Law* § 2 (1967).

In the almost 141 years of its existence, the Supreme Court of this state has not recognized[7] the tort sued on in this case except to the extent of the right of a parent to recover the value of a child's services from one who has enticed the child away. *See Gulf, C & S.F. Ry. v. Redeker*, 2 S.W. at 528, and authorities therein cited. The Fifth Circuit's adoption of the tort in *Fenslage v. Dawkins* has never been followed by a Texas appellate court.

The principles of law embodied in § 700 of the *Restatement (Second) of Torts* are considerably more comprehensive than the statutory provisions of Tex. Family Code Ann. §§ 36.01–.08. However, the tortious conduct alleged by Silcott and the relief sought by him fit neatly within the scope of the statute. Because in 1983 the legislature imposed civil liability on those who interfere with possessory interest in children created by court order, we conclude that the public policy of this state does not now require judicial recognition of the tort defined in § 700 of the *Restatement (Second) of Torts* or the adoption of the rules of any of the other states which do recognize the tort. *See, e.g., Brown v. Brown*, 338 Mich. 492, 61 N.W.2d 656, 659 (1953). Indeed, were our decision to the contrary, it would in all probability affect only the parties to the case before us. For these reasons, and because of the state of the law, we decline to declare that any of the principles embodied in § 700 of the *Restatement (Second) of Torts* (1977) and the comments thereto are a part of the common law of this state.

Since Silcott's original petition did not allege a cause of action recognized under the common law rules of decision in this State, Oglesby's first point of error is sustained. Our decision on the point is dispositive of this cause, and we do not address Oglesby's remaining points of error.

4. Tex.Fam.Code Ann. §§ 36.01–.08 (Vernon Supp.1986).

5. Tex.Gov't.Code Ann. § 311.022 (Vernon Supp. 1986).

6. Congressional Act of Jan. 20, 1840, 2 H. Gammel, Laws of Texas 177 (1840) (codified at Tex. Rev.Civ.Stat.Ann. art. 1 (Vernon 1967)).

7. Traditionally child custody orders have been civilly enforced by injunction, contempt proceedings, the constitutional writ of habeas corpus, and since 1975 the statutory writ of habeas corpus under Texas Family Code § 14.10.

The judgment below is reversed and Silcott's petition is dismissed. All costs in this court and the court below are assessed against Silcott.