## BERGNES v BERGNES, et al.

### Case No. GC-G86-1306

Tenth Judicial Circuit, Polk County

January 20, 1987

**APPEARANCES OF COUNSEL**

**Douglas H. Smith** for plaintiff.

**E.J. Salcines** for defendants.

### OPINION OF THE COURT

E. RANDOLPH BENTLEY, Circuit Judge.

*ORDER ON MOTION TO ABATE OR TRANSFER VENUE, MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, MOTION FOR SUMMARY JUDGMENT, MOTION TO STRIKE, MOTION TO DISQUALIFY*

*ORDER ON MOTION TO ABATE OR TRANSFER VENUE*

Defendants requested this court abate or transfer venueipursuant to Section 47.011, Florida Statutes (1979). Section 47.011, however, allows

venue in the county where the cause of action for tort accrued. A cause of action for tort accrues at the place where the act creating the right to bring action occurred. *See Straske v. McGillicuddy*, 338 So.2d 1334 (Fla. 2d DCA 1980), and *Soowal v. Marden*, 452 So.2d 625 (Fla. 3d DCA 1984). In the instant case, the act which created Plaintiff's right to bring an action was the alleged non-return of, and the assistance in the non-return of, the children to Polk County. The alleged act additionally impacted Defendant in Polk County. *See generally Tucker v. Fianson*, 484 So.2d 1370 (Fla. 3d DCA 1986). Polk County is, therefore, a proper choice for venue.

## ORDER ON MOTION TO DISMISS

Premised upon the contention that Florida does not recognize child snatching as tortious, Defendants moved for a dismissal for failure to state a cause of action. Florida's public policy is to assure each minor child frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of childrearing. Florida Statutes § 61.13(2)(a)(1985). Toward this end, custodial interference is criminally punishable in Florida. Florida Statutes § 787.03(1)(1985). Criminal statutes, however, do not compensate the victimized parent for damages suffered in a child snatching situation. In addressing this issue some states have allowed the custodial parent to seek damages in tort for custodial interference, and, intentional infliction of emotional distress. Florida has taken no position on whether child snatching is an actionable tort. *McDougald v. Jensen*, 786 F.2d 1465 (11th Cir. 1986). Therefore, to determine this issue of first impression in Florida, a review of national law is warranted.

Historically, tort actions brought by victimized parents of kidnapped children received damages premises upon the idea that the kidnapping was an infringement on the parents' property rights. Damages were for expenses and loss of the child's services. *See, e.g., Clark v. Baver*, 32 Ohio St. 299 (1877); *Howell v. Howell*, 162 N.C. 283, 78 S.E. 222 (1913); *Rice v. Nickerson*, 91 Mass. 478 (1864). Subsequently, this theory was in large part abandoned. *McBride v. Magnuson*, 280 Or. 433, 578 P.2d 1259, 1260 (Or. 1978). *See, e.g., Pickle v. Page*, 169 N.E. 650, 252 N.Y. 474 (N.Y. 1930). Instead, courts held that interference in the parent-child relationship, not loss of the child's services, was the real cause of action. *See, e.g., Hinton v. Hinton*, 436 F.2d 211 (D.C. Cir. 1970). *See also Surina v. Lucey*, 214 Cal. Rptr. 509, 168 Cal. App. 3d 539 (Cal Dist. Ct. App. 1985). Today, this cause of action is entitled custodial interference.

The tort of custodial interference is defined by the Restatement (Second) of Torts § 700 (1977). The tort requires (1) an interference with (2) a custodial parent's child custody rights. Several courts have cited § 700 in holding custodial interference to be an actionable tort in child snatching circumstances. The court in *Plante v. Engel*, 124 N.H. 213, 469 A.2d 1299 (n.H. 1983), explained, "[W]here there is an intentional interference with a parent's custody of his or her child, an injured parent is entitled to a remedy that completely compensates him or her. . . . [See] Restatement (Second) Torts § 700. . .". *Id* at 1301-02. The court based its recognition of the tort upon the sanctity of the parent-child relationship and stated, "The high place accorded filiation stems not from the material bond whereby services are provided to each other by parent and child but from a recognition that there is a sanctity in the union of parent and child that transcends economics and deserves the utmost respect. Because this relationship is so intimately connected with the parent's person, we hold that where there is an intentional interference with a parent's custody of his or her child, an injured parent is entitled to a remedy that completely compensates him or her." *Id.* at 1302. *See also Bennet v. Bennet*, 682 F.2d 1039, 1044 (D.C. Cir. 1982) *on remand* 595 F. Supp. 366 (D. D.C. 1984) (cited section 700 in recognizing tort of "harboring" a child); *Fenslage v. Dawkins*, 629 F.2d 1107, 1109 (5th Cir. 1980) ("Texas . . . would follow . . . [section 700 of] the Restatement."), *but see Oglesby v. Silcott*, 709 S.W. 2d 45 (Tex. Ct. App. 1986) (Court refused to recognize child snatching as tortious), error granted September 17, 1986; *Kipper v. Vokolek*, 546 S.W. 2d 521, 525 (Mo. Ct. App. 1977) (Court cited section 700 in recognizing tort); *Wood v. Wood*, 338 N.W. 2d 123, 127 (Iowa 1983) ("[W]e . . . follow the majority of jurisdictions by recognizing and applying section 700 of the Restatement.").

"The Restatement Second of Torts also makes it clear that a parent who has the right to . . . custody . . . of a minor child may maintain an action for damages against *anyone* who unlawfully takes or withholds such child." *Surina, supra*, at 513. Many cases therefore have held that those who assist a non-custodial parent in a child snatching case may also be liable. *See, e.g., Brown v. Brown*, 338 Mich. 492, 61 N.W. 2d 656 (Mich. 1952), *cert. denied* 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed 644 (U.S. 1954) (grandparents, aunts and uncle liable); *Fenslage supra* (grandparents, aunt, uncle and cousin liable); *Gibson v. Gibson*, 15 Cal. App. 3d 943, 93 Cal. Rptr. 617 (Cal. Ct. App. 1971) (action allowed against grandmother); *Kramer v. Leinweber*, 642 S.W. 2d 364 (Mo. Ct. App. 1982) (grandmother liable); *Lloyd v. Loeffler*, 539

F.Supp. 998 (E.D. Wis. 1982), *aff'd*, 694 F.2d 489 (7th Cir. 1982) (grandparents liable); *Oversmith v. Lake*, 295 Mich. 627, 295 N.W. 339 (Mich. 1940) (public officials liable); *Rosefield v. Rosefield*, 221 Cal. App.2d 432, 34 Cal. Rptr. 479 (Cal. Ct. App. 1963) (action allowed against grandfather).

In the instant case, in addition to custodial interference, Plaintiff alleges intentional infliction of emotional distress, a tort recognized in Florida. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla. 1985) and *Ponton v. Scarfone*, 468 So.2d 1009 (Fla. 2d DCA 1985). While Florida has not yet applied this cause of action to a case of child snatching, other states have done so. *See, e.g., Brown, supra*, at 659; *Fenslage, supra*, at 1109; *Kajtazi v. Kajtazi*, 488 F. Supp. 15, 20 (E.D.N.Y. 1978); *Lisker v. City of New York*, 72 Misc. 2d 85, 338 N.Y. 2d 359, 363 (Sup. Ct. 1972); *McEvoy v. Helikson*, 277 Or. 781, 562 P.2d 540, 544 (Or. 1977). Other courts have refused to allow an intentional infliction of emotional distress claim in a child snatching situation, viewing it as an alienation of affections claim. *See, e.g., Friedman v. Friedman*, 79 Misc. 2d 646, 361 N.Y.S. 2d 108 (N.Y. Sup. 1974); *McDougald, supra*, at 1489, 1490; *McGrady v. Rosenbaum*, 62 Misc. 2d 182, 308 N.Y. 2d 181, 189 (N.Y. Sup. 1970) *aff'd* 37 A.D. 2d 917, 324 N.Y. 2d 876 (N.Y. App. Div. 1971). (Other courts have refused to recognize child snatching as tortious at all. *See e.g., Oglesby, supra*, and *Whitehorse v. Critchfield*, 144 Ill. App.3d 192, 494 N.E. 2d 743 (Ill. App. Ct. 1986).)

Defendants argue that this court is bound by the U.S. Court of Appeals view, expressed in *McDougald, supra*, that in child snatching cases, an intentional infliction of emotional distress claim is tantamount to a statutorily barred claim for alienation of affections. This court is not, however, so bound. *See generally Herald Publishing Co. v. Florida Antennavision, Inc.*, 173 So.2d 469 (Fla. 1st DCA 1965); *State v. Dwyer*, 332 So.2d 333 (Fla. 1976); *Board of County Com'rs v. Dexterhouse*, 348 So.2d 916 (Fla. 2d DCA 1977) *aff'd* 364 So.2d 449 (Fla. 1978). Indeed, the *McDougald* court itself stated, "[T]he question [of child snatching as tortious] is a difficult and novel one, which the Florida courts may at any time prove us wrong. . . ." *Id*. at 1490. This court is compelled to do so. The purpose of an intentional infliction claim is not that of an alienation of affections claim as the *McDougald* court so conceived. An alienation of affections claim seeks to compensate for the indirect loss of a relative's society and affections. An intentional infliction claim seeks instead to compensate for the direct emotional distress and mental anguish suffered. The statutory bar to alienation of affections claims presents no bar to an intentional inflic-

tion claim. Therefore, in view of Florida's policy of assuring each minor child continuing contact with both their parents subsequent to martial dissolution or separation, this court recognizes the torts of custodial interference, and, intentional infliction of emotional distress, in child snatching cases. For the above reasons, it is

ORDERED AND ADJUDGED:

1. Defendants Sansons' Motion to Abate or Transfer Venue is DENIED.

2. Defendants Bergnes' and Sansons' Motion to Dismiss is DENIED.

3. Defendants Sansons' Motion for More Definite Statement is DENIED.

4. Defendants Bergnes' Motion For Summary Judgment is DENIED.

5. Defendant Bergnes' Motion to Strike is DENIED.

6. Defendant Bergnes' Motion to Disqualify is DENIED.

7. Defendants should file their answers within fifteen (15) day os the date of this order.

DONE AND ORDERED at Bartow, Polk County, Florida this 20th day of January 1987.